## IJAMS & CARR *vs.* RICE, use &c.

1. Interest that accrues on a judgment subsequent to its rendition may be collected in this State under execution issued thereon.
2. In civil actions, the party in whose favor judgment is rendered, except in cases where the law otherwise provides, is entitled to his costs.

Error to the Circuit Court of Lauderdale. Tried before the Hon. Sydney C. Posey.

THE plaintiffs in error sued out a supersedeas to restrain and have entry satisfaction of an execution issued on a judgment against them in favor of the defendant. The case was tried by a jury who found that the principal of the judgment, with the costs, had been paid, but that the interest accruing on the judgment since its rendition was still due. The court thereupon refused to order the entry of satisfaction, but directed that the judgment be credited with the sum found to have been paid and that execution issue for the residue, and that the plaintiffs in error be taxed with the costs of the proceeding. To the decision and judgment of the court the plaintiffs in error excepted and now assign them as error.

L. P. WALKER, for the plaintiffs in error :

1. It is conceded that interest is incident to judgments at law, (Gwinn *v.* Whitaker, 1 Harris & Johns. 754-5,) and that the statute, (Clay's Dig. 284, § 5,) fixes *the rate* of interest which judgments shall bear in this State, to-wit—8 per cent. But the *mode* of *recovering* this interest is not provided for by statute and therefore must remain as at common law. At common law interest *subsequent to the judgment cannot* be levied under *execution*, because the execution must follow the judgment and there is nothing on the record to authorise the collection of interest.—1 Amer. Lead. Cases, 350, note by H. & Wallace. So held in Watson v. Fuller, 6 Johns. R. 283, where a judgment had been reduced by partial payments until the amount demanded by the execution was less than the nominal amount of the judgment.—See, also, Mason v. Sudam, 2 Johns. Ch. R. 172-180. Independently of *statutes prescribing the mode of*

*recovering* interest accruing *subsequent* to the judgment, the only remedy is by a fresh action.—*Vide* 1 Am. Lead. Cas. *supra.* And it was said by Lord Loughborough, in Creuze v. Hunter, 2 Ves. jr. 162, " you may bring a fresh action on it as a new cause of suit, but you cannot levy for it or charge the land under the *elegit* with the intermediate interest from the date of the judgment." *Scire facias*, writ of execution against property and commitment on execution are remedies for *the amount of the judgment only and not for interest thereon.*—1 Am. Lead. Cas. 350-1 ; Hall v. Hall, 8 Verm. 156; Allen v. Adams & Allen, 15 Verm. 16; Bowen v. Huntington, 3 Conn. 423-26. A judgment is a lien on lands for its *nominal amount*, and not for interest thereon.—Mason v. Sudam, 2 Johns. Ch. R. 172 ; De La Kigne v. Everston, 1 Paige, 182; Mower v. Kip, 6 ib. 89-91. Though it has been the practice in this State to levy the interest under the execution, it is believed on examination of the authorities to be contrary to both the letter and the policy of the law, and is now for the first time in this State brought in question on the authorities. It was aptly remarked by Kent, C. J., in Watson v. Fuller, 6 Johns. R. *supra*, to be " an abuse of the process of the court to make use of the execution to enforce the payment of interest accruing subsequent to the judgment. This is acting without authority. The execution must follow the judgment and can only be commensurate with it. To levy interest in the given case is to levy more under the judgment than it authorises."" And the *form* of the execution required and *prescribed* by *statute*, (Clay's Dig. 199-200,) does not contemplate a levy of *interest on the judgment.* The sheriff is thereby only commanded to make the *judgment and costs.* The right to levy for *interest accruing subsequent* to the judgment was unknown in England until the statute, (1 and 2 Vict. c. 110, § 17,) which gave the right; (Fisher v. Pudding, 3 Manning & Granger, 238; 1 Am. Lead. Cas. 351.) And this right is now given by *statute* in most of the United States.—*Vide* Sayre v. Austin, 3 Wendell, 496, particularly; Benihill v. Wells, 5 Binney, 56-9; Thomas v. Wilson, 3 McCord, 166; Adm'rs of Kirk v. Ex'rs of Richbourg, 2 Hill (S. C.) R. 352 ; Chamberlain v. Maitland & Co. 5 B. Monroe, 448-9; Martin v. Kilbourne, 11 Verm. 93.

2. The petitioners alleged that they had " paid off the judg-

ment, debt, damages and costs," and the jury by their verdict found the allegations to be true. The court below from the above view of the law erred therefore in the judgment given, but should have caused satisfaction to be entered of the *debt, damages and costs* of the judgment, and made *perpetual* the supersedeas of the the execution according to the prayer of the petition.

3. But conceding (for the sake of argument) the court below to have ruled correctly the law, yet there was error in rendering judgment for the *costs* of the proceeding against the petitioners. "The petition is the commencement of a suit and may be pleaded to."—*Vide* Mabry v. Herndon, 8 Ala. 848; Spence v. Walker, 7 ib. 56S; Shearer v. Boyd, 10 ib. 281; Moore & Cocke v. Bell, 13 ib. 473: "And on its termination costs are due to the successful party in the same manner as in any other suit."—Shearer v. Boyd, 10 Ala. 279-282. The plaintiffs in execution having denied the allegations of fact in the petition, issue was joined and the jury found the allegations to be true, as shown in the judgment; therefore this finding should be at the costs of the *plaintiff in execution*, and not of Ijams & Carr.

WILLIAM COOPER, for the defendant, relied on the statute, (Clay's Dig. 284, § 70,) and the uniform practice under it since its enactment.

PARSONS, J.—The counsel of the plaintiffs in error has refered us to authorities to show that at common law interest upon a judgment subsequent to its rendition could not be levied by an execution. According to our statute of 1818, (Clay's Dig. 284,) all judgments shall bear interest from their date, and this statute prescribes the rate. From that time, now more than thirty years, the practice, as is believed, has been universal in this State to collect the subsequent interest upon a judgment, as well as the amount expressly recovered under the execution. This having been the construction of the act for so long a time and the practice having been so universal, we do not feel at liberty now to disturb it. The act of 1829, (Clay's Dig. 206, § 24,) makes it the duty of sheriffs to endorse upon all executions the amount of money they recieve, specifying how much debt, how much interest, &c. and to give the de-

fendant a receipt accordingly. And there is another act which makes it the duty of sheriffs who have recieved from sales of property under executions more than the principal, interest and costs, to pay the excess to the debtor.—Clay's Dig. 204, § 12. The intention of the Legislature in respect of such cases is therefore clear. In this case the petition for a supersedeas was not sustained except for part of the sum in controversy ; for it was insisted that the judgment was entirely satisfied. The judgment in effect was against the petitioners, who are the plaintiffs in error, for the residue. It was consequently right to give judgment against them for the costs of the proceeding.— Clay's Dig. 316, § 20.

Let the judgment be affirmed.