## BILLINGSLEY'S ADM'R *vs.* BILLINGSLEY.

1. When a note is payable on a specified day, and contains a stipulation that it shall not bear interest until another specified day after maturity, an action may be maintained on its non-payment at maturity, although the judgment will bear interest from the time of its rendition ; but the judgment must be for the principal only, without interest.

3. And the fact that the note is secured by a mortgage containing a power of sale, in which the law day is fixed at the time when interest begins to accrue, does not affect the mortgagee's right to proceed to judgment on the note, if it is not paid at maturity.

APPEAL from the Circuit Court of Perry.

Tried before the Hon THOMAS A. WALKER.

THE appellant, as the administrator of Thomas Billingsley, deceased, sued the appellee on two promissory notes, each for the sum of $4,599, dated August 5th, 1848, and payable to said Thomas Billingsley, or bearer, on the first of January, one in 1851, and the other in 1852 ; each of said notes containing the following stipulation : "But said note is not to draw interest after maturity, until the first day of January, 1854, from which time, if not paid, it is to bear the legal rate of interest." The action was commenced on the 9th of April, 1852.

On the trial, the plaintiff offered in evidence, after proving their execution, the two notes declared on, and then rested his case. The defendant then offered evidence, tending to show that said notes were given (with three others of like tenor and date, payable respectively on the first day of January, 1850, 1853, and 1854), for the purchase money of some lands and personal property sold by said intestate to defendant. He also offered in evidence a mortgage, bearing even date with said notes, and constituting a part of the same transaction. This mortgage conveys said lands to said intestate, to secure the payment of the said notes given for the purchase money, and contains a power of sale if said notes are not all paid on or before the first day of January, 1854. This being all the evidence, the court charged the jury, "that plaintiff could recover the principal only of said notes, but was not entitled to interest upon the same"; to which charge plaintiff excepted.

JOSEPH R. JOHN, for appellant, cited the following cases : Newman v. Kettelle, 13 Pick. 418, and Wright v. Fisher, cited in note on page 419 ; Washington v. The Planters' Bank, 1 How. (Miss.) R. 230 ; 1 Bouv. Inst. p. 446 § 1109, 445 §1107.

I. W. GARROTT, *contra*, cited and relied on the following authorities : Story's Con. § § 1024 to 1028 ; Chitty's Con. 558, and notes ; Tate v. Innerarity, 1 S. & P. 35 ; Branch Bank at Montgomery v. Harrison, 1 Ala. 9 ; Ijams & Carr v. Rice, 17 *ib*. 404.

CHILTON, C. J.—Under the circumstances presented by

this case, it is impossible to give full effect to the contract of the parties. If no suit can be brought until the time the note is to draw interest, then we must disregard entirely the day particularly specified in the note when it is due and payable ; and if an action can be maintained on it, and a judgment recovered before the period fixed for interest to commence, then the judgment must draw interest, and thus the demand will be accumulating before the time agreed on by the parties. It is our duty, however, to give effect to the contract as far as we can, without violating any rule of law; and it is our opinion, that the construction which comes nearest to effectuating the intention, is, that the right of action accrued at the time specified in the instrument as the day of payment, but the note does not draw interest, so long as the demand is evidenced by the note; so that, if no judgment is recovered upon it, no interest accrues until the time agreed on by the parties. But if, in the meantime, a judgment is recovered, then the note becomes merged in the judgment, which now becomes the evidence of the demand, and which bears interest from the time it is rendered.— Ijams & Carr v. Rice, 17 Ala. 404.

If we recur to the mortgage given to secure this note, and treat the note and it as forming one contract, we find nothing changing in any way the legal effect of the note as evinced by the face of it. It is correctly described in the recital of the mortgage, and the law day is fixed at the period when interest begins to accrue upon the note. This does not, in any wise, affect the right of the mortgagee to proceed on the note, when it falls due, to obtain a judgment: it only controls his action as respects the mortgaged property.

The ruling of the court accords with the views we have expressed.

Let the judgment be affirmed.