## HOLT et al. *vs.* GIVEN & CO. et al.

[BILL OF INTERPLEADER.]

1. *Promissory note for dollars, "payable in gold or its equivalent;" how may be discharged.*—A promissory note for so many dollars, payable *"in gold or its equivalent,"* may be discharged by a payment in gold, or by a

Holt et al. v. Given & Co. et al.

payment of so many dollars in "United States notes" issued by the secretary of the treasury of the United States, under the act of congress of February 26, 1862, (commonly called the "Legal Tender Act,") and which are made by said act a legal tender in payment of debts, as are equal in value to the number of dollars named in the note, in gold.

2. *Value of United States legal tender notes; how, and by whom, to be ascertained.*—The value of such United States legal tender notes is to be ascertained by the chancellor, in equity, and by the jury, at law, as any other facts of the case, upon proper proof; and the amount in dollars in legal tender notes, should be named in the judgment or decree.

3. *Judgment for gold; bears what interest.*—A judgment or decree for gold bears interest in gold; and a decree or judgment for legal tender notes or currency, bears interest in legal tender notes or currency.

4. *Promissory note for dollars, since passage of legal tender act; how may be discharged.*—A promissory note, payable in dollars, made since the passage of the legal tender law, without describing the kind of dollars, may be discharged in legal tender notes of the United States.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. A. C. FELDER.

James L. Holt, Moses W. Garrison, and D. M. Snow, on the 18th day of September, 1868, filed their bill of interpleader, in the chancery court for Montgomery county, in this State, against A. F. Given & Co., and F. C. Randolph, as the administrator of the estate of Mrs. Corinne Randolph, deceased, for the purpose of ascertaining to which of these parties they should pay the amount of a certain promissory note referred to and set out in their said bill, which they alleged was claimed, on the one part by said Given & Co., and on the other, by said Randolph. And during the progress of the suit, Noble & Brother set up some claim to an interest in said note, and they were allowed to come in and have their claim adjudicated. This note is in these words:

"$1,905 24. Montgomery, Ala., Dec. 11, 1865. Twenty-four months after date, we, or either of us, promise to pay William R. Pickett, administrator of the estate of A. J. Pickett, deceased, or order, one thousand nine hundred and five 24-100 dollars, in gold or its equivalent, for value received, with interest from date.  J. L. HOLT,
M. W. GARRISON,
D. M. SNOW."

On this note were the following indorsements : " Pay to E. B. Randolph. W. R. Pickett, Adm'r." "E. B. Randolph."

The note was claimed by Given & Co., as the indorsees of said E. B. Randolph, who was the husband of Mrs. Corinne Randolph, who was the daughter of said A. J. Pickett, deceased. And said F. C. Randolph claimed said note, as the administrator of the estate of Mrs. Corinne Randolph, deceased, and alleged that the same was a part of her statutory separate estate, which had been received by her husband in his life-time, and improperly and illegally transferred by him, without her concurrence, to said Given & Co. Noble & Brother also claimed an interest in said note, as plaintiffs in a garnishment issued on a judgment in their favor, against said Given & Co. But these claims are not involved in the view in which this cause is presented for revision, and no further notice will be taken of them here.

Upon the hearing, the chancellor rendered the following decree :

" This cause, coming on to be heard, was submitted for decree on bill and answers, and after a careful consideration and argument, it is ordered, adjudged, and decreed, as follows, to-wit : 1. That the complainants' bill of interpleader is properly filed, and that the defendants interplead as prayed by complainants. 2d. That the costs of this suit be paid out of the funds hereinafter mentioned. 3d. That complainants pay the amount of the note mentioned in complainants' bill, and interest, in gold, or thirty-two hundred and sixty 42-100 dollars, its equivalent in legal tender treasury-notes of the United States. November 28, 1868."

From this decree said complainant, J. L. Holt, appealed to this court, and here assigns as his only error, the following : " 1. The court erred in the decree in requiring payment in gold, or an equivalent amount of legal tender treasury-notes of the United States. No other error is assigned, and an affirmance on all other points is desired."

WALKER, MURPHEY & WINTER, for appellants.
ELMORE & GUNTER, contra.

[No briefs came into the reporter's hands.]

PETERS, J., (after stating facts as above.)—The decision in *Chisholm et al. v. Arrington et al.*, at the present term of this court, settles the point raised on this assignment. Following the principles there laid down, the decree in this case must be affirmed.

The note in this suit bears date since the passage of the act of congress making United States notes issued by the secretary of the treasury of the United States, " a legal tender in payment of all debts, public and private," with certain exceptions, which are not involved in this case. This act is commonly called the legal tender law, and is entitled " An act to authorize the issue of United States notes, and for the redemption or funding thereof, and for funding the floating debt of the United States," approved February 25, 1862.—U. S. Statutes at Large, p. 345, *et seq.*

This law has been construed by the highest court in the Union, in two cases recently adjudicated. In speaking of this act, the chief-justice, delivering the opinion of a majority of the court, says : " Nor is it necessary now to decide the question, whether the acts, making United States notes a legal tender, are warranted by the constitution. We express no opinion on that point, but assume, for the present, the constitutionality of these acts. Proceeding upon this assumption, we find two descriptions of lawful money in use under the acts of congress, in either of which damages for non-performance of contracts, whether made before or since the passage of the currency acts, may be properly assessed, in the absence of any different understanding or agreement between the parties ; but the obvious intent, in contracts for payment in coin, to guard against fluctuation in the medium of payment, warrants the inference, that it was the understanding of the parties that such contracts should be satisfied, whether before or after the judgment, only by tender of coin ; while the absence of any express stipulation as to the description, in contracts for payment of money generally, warrants the opposite inference of an understanding between parties, that such contracts may be satisfied, before or after judgment, by the tender of any

lawful money."—*Butler v. Horwitz*, 3 American Law Rev. pp. 572, 573 ; *Bronson v. Rodes*, 3 Amer. Law Rev. p. 565.

Then, as these cases decide, if the obligor may pay in gold, when the contract is to pay in gold, or in currency, when the agreement is to pay in currency, it seems evident that no objection can be taken to the decree rendered in the court below. When the description of currency is not settled in the agreement of the parties, the law implies, that the medium of payment may be any currency or money which is a legal tender in payment of debts. Treasury notes of the United States, or to speak in the language of the act, " United States notes," issued by the secretary of the treasury of the United States, by authority of the act above referred to, are a legal tender in payment of debts. These notes have a gold value. A certain amount of these notes may, therefore, be equivalent to a certain number of dollars in gold. But as this value is not fixed by law, or always the same, it was necessary that the court should remove this uncertainty, so that the decree might declare the precise thing to be done, and which, when done, would be a satisfaction of the judgment. In order to effect this, the judgment must be certain. In this case, the debtor had the right to pay in gold or its equivalent. This must mean, that the obligation of the contract might be discharged in something having the character of dollars. The promise was to pay dollars. Then the equivalent intended must have been an equivalent in dollars, which are a legal tender in payment of debts ; that is, legal tender treasury-notes of the United States ; because no other debt-paying medium exists in the government, except gold and silver coin, which latter is legally classed with gold. The contract is merged in the judgment.—*Mason v. Eldred et al.*, 6 Wall. 231. And the judgment bears interest, but the interest to be paid after judgment is judgment interest, and not contract interest. These may be different.—*Billingsley v. Billingsley*, 24 Ala. 518 ; *Ijams et al. v. Rice*, 17 Ala. 404 ; *Smith v. Black*, S. & R. 142. But it is said in the cases above cited, that a debt payable in gold, bears interest in gold ; and for like reason, a debt payable in currency, bears interest in currency.

The decree of the learned chancellor in the court below is in accordance with this construction of the law upon the question of currency, and it is consequently free from error. It is therefore affirmed. The appellant and his security will pay the costs in this court and the court below, out of the money secured by said note. And the cause is remanded, with instructions to proceed in its disposition, in the court below, so as to settle the ownership of said note, and all other questions arising out of the interpleading of the parties in this suit, as required by law.