VALLEAU, *Plaintiff in Error*, v. NEWTON COUNTY.

**County, when Liable for Warrant on Special Fund.** While a county is ordinarily not liable as for a general debt, upon a warrant · drawn against a special fund, yet if it diverts the money of that fund from the payment of the warrant and uses it for other purposes, it becomes liable.

*Error to Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED.

*Nathan Bray* and *N. H. Dale* for plaintiff in error.

The county is liable on the warrant, and it makes no difference that it is drawn on the internal improvement fund. She destroyed that fund by using it for her own benefit. There is no money of the fund to pay the warrant; the county got the benefit of both the jail and the fund, and she should now respond. *Terry v. Milwaukee*, 15 Wis. 490; *Floyd Co. v. Day*, 19 Ind. 450; *Clark v. Des Moines*, 19 Iowa 196; *Lyell v. Supervisors*, 6 McLean 446; *Savage v. Supervisors*, 10 Wis. 49; *Paddock v. Symonds*, 11 Barb. 117; *International Bank v. Franklin Co.*, 65 Mo. 105.

*C. W. Thrasher* for defendant in error.

The holder of a county warrant payable out of a special or particular fund, is not entitled to a general judgment against the county on such a warrant. *State ex rel. v. Bollinger Co. Ct.*, 48 Mo. 475; *Pettis Co. v. Kingsbury*, 17 Mo. 479; *Kingsberry v. Pettis Co.*, 48 Mo. 207; *Campbell v. Polk Co.*, 49 Mo. 214; *State ex rel. v. Macon Co.*, 68 Mo. 29; *Insane Hospital v. Higgins*, 15 Ill. 185; *Com. ex rel. v. Pittsburgh*, 34 Pa. St. 496.

NORTON, J.—This cause is here on writ of error, and the error assigned is the action of the circuit court of Newton county in sustaining a demurrer to the following petition: "Plaintiff, for amended petition herein, states that

38—72

he is the only person who composed the late firm of Valleau & Jacobs, of the city of Cincinnati, Ohio; that he, under the firm name and style of Valleau & Jacobs, carried on the business of iron jail builders, and furnishing iron materials for jails; that on the 27th day of April, 1860, the defendant, by her agent, Henderson Jennings, and pursuant to authority granted said agent by defendant, contracted with plaintiff to furnish iron materials for building a jail at the town of Neosho, in Newton county, Missouri; that in pursuance of said contract plaintiff furnished said materials to defendant for said jail, which were by defendant accepted and placed in said jail; that the contract price for said materials and the putting of the same up in the jail was $4,654, to be paid for when the work was completed; that defendant paid plaintiff the sum of $989 on said contract to pay freight thereon, and on the 8th day of October, 1860, in fraud of plaintiff's rights, drew their warrant on the treasurer of said county in favor of plaintiff for the remainder of said contract price of said materials and work, to-wit: $3,666.25, payable out of the internal improvement fund of said county, and delivered said warrant to plaintiff; that on the 16th day of October, 1860, defendant paid on said warrant the sum of $268.25, and on the 15th day of November, 1860, the further sum of $236; that on the 18th day of November, 1860, said warrant was presented to the treasurer of said county for payment, and payment thereof was refused for the reason that there were no funds to pay the same; that afterward, on the 11th day of February, 1868, said warrant was again presented to said treasurer of said county for payment, and payment thereof refused for the reason that there were no funds to pay the same. Plaintiff further states that at the date of said contract with plaintiff and defendant there were $8,000 and more belonging to the internal improvement fund of said county; that thereafter $6,000 of said fund was, by the defendant, diverted from its lawful channel and purpose, for which said fund was created, in this: The de-

fendant borrowed of said fund the sum of $6,000, which she has never paid back into said fund, nor any part thereof; that the remainder of said fund was entirely exhausted in payments on other warrants and on other indebtedness for work, labor and materials done and furnished on said jail, then being built by defendant, previous to the issue of the warrant sued on. Plaintiff further states that at the time of the issuing and delivery of said warrant to plaintiff as aforesaid, there was no money in the treasury of said county, belonging to the internal improvement fund of said county, nor was there any internal improvement fund of said county with which to pay said warrant, all of which the defendant well knew, and of which fact the plaintiff was wholly ignorant. And plaintiff says said warrant was fraudulently issued by said county on the internal improvement fund of said county for the purpose of defrauding plaintiff. And plaintiff says that the said $6,000 so as aforesaid borrowed by defendant from the internal improvement fund of said county, was by defendant received and used as the common revenue fund of said county in paying in part for work done on said jail, and was not used in the payment of the warrant sued on. Wherefore, plaintiff says that by reason of the premises as aforesaid, the defendant has become indebted to the plaintiff in the amount of the balance of said warrant and six per cent interest thereon from the 18th day of November, 1860, for which plaintiff prays judgment."

It is insisted that as the petition shows that the warrant therein mentioned is payable out of the "internal improvement fund," no recovery can be had against the county. If nothing more than this appeared, the position taken by defendant would be fully maintained by the case of *Pettis County v. Kingsbury*, 17 Mo. 479, where it was held that Kingsbury, who had contracted to build a bridge and wait for his pay " till the amount is received from the state out of the road and canal fund," and had received a warrant payable out of said fund, could not enforce against the

county payment thereof out of its general fund, but must look alone to the special fund designated for its payment. But in the case of *Kingsbury v. Pettis County*, 48 Mo. 207, which was a suit brought on the same warrant, while it was held that an averment in the petition that the road and canal fund, out of which the warrant was payable, was " no longer available for the payment of the balance due on said warrant, the same having been diverted from that purpose by legislative enactment and the action of defendant by its agents," was insufficient to take the case out from under the operation of the principle announced in the case of *Pettis County v. Kingsbury, supra,* it was also held that the case would have been different had the petition shown that the county had in fact received any portion of the road and canal fund and applied it to other uses than the payment of the warrant, or withheld it from that application, or that the county had in fact converted to its own use any part of the fund set apart for the payment of the claim sued upon.   All the facts which in that opinion are required to be stated, are clearly and fully set forth in the petition in this case.   It is alleged therein that in fraud of plaintiff's right defendant had taken $6,000 from the internal improvement fund (all that it had) and applied it to other and general purposes, thus converting it to its own use and depriving plaintiff of his rightful resort to a fund rightfully applicable to the payment of his demand.   To hold that plaintiff under this state of facts could not make the county liable, but must look to a fund of which he had been deprived by the wrongful act of the .county, would be to establish a doctrine productive of unjust results and at war with every principle of right. Judgment reversed and cause remanded, in which all concur.