VALLEAU v. NEWTON COUNTY, *Appellant.*

1. **County Warrant**: LIMITATION. An action on a county warrant is not barred by the statute of limitations if commenced within ten years after the cause of action accrued.

2. ———: WHEN PAYABLE FROM GENERAL REVENUE FUND, ALTHOUGH DRAWN ON SPECIAL FUND. The payment of a county warrant can be enforced against the general revenue fund, although drawn on a special fund, if the county has used the latter for the payment of demands not properly chargeable to it, and thereby diverted it from the payment of the warrant.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*C. W. Thrasher* for appellant.

The lower court erred in overruling defendant's motion to strike out from plaintiff's amended petition the allegations as to a contract for building a jail. *Otis v. Bank*, 35 Mo. 128; 1 R. S. 1879, § 3529; *Kinney v. Miller*, 25 Mo. 576; *Payton v. Rose*, 41 Mo. 267; *Garner v. Railroad Co.*, 34 Mo. 235. The lower court also erred in sustaining plaintiff's demurrer to defendant's plea of the statute of limitations. Gen. St., p 747, § 10; R. S., § 3230; *Phelps Co. v. Bishop*, 68 Mo. 252. The warrant sued on in this case being payable out of the internal improvement fund of Newton county, the plaintiff is not entitled to a general judgment against said county on this warrant. *Pettis Co. v. Kingsbury*, 17 Mo. 479; *State ex rel. Zimmerman v. Justices of Bollinger Co. Ct.*, 58 Mo. 475, 478; *Campbell v. Polk Co.*, 49 Mo. 214; *Moody v. Cass Co.*, 74 Mo. 307; *State ex rel. Watkins v. Macon Co. Ct.*, 68 Mo. 29; *Campbell v. Polk Co.*, 76 Mo. 57. The court erred in admitting the evidence offered by the plaintiff and objected to by defendant. A plaintiff cannot sue upon one cause of action and produce evidence in support of and recover on another cause of action. *Clements v. Yeates*, 69 Mo. 623; *Ensworth v. Barton*, 60 Mo. 511; *Eyerman v. Mt. Sinai Cemetery Asso'n*, 61 Mo. 489; *Huston v. Forsythe Scale Works*, 56 Mo. 416. The plaintiff's amended petition does not state facts sufficient to constitute a cause of action. *Campbell v. Polk Co.*, 76 Mo. 62; *Moody v. Cass Co.*, 74 Mo. 308. If the plaintiff in his amended petition filed herein added any new cause of action, such new cause of action was subject to the statute of limitations at the time of filing said amended petition. Bliss on Code Plead., § 429; Moaks Van Santvoord's Plead., 838; *Sweet v. Jeffries*, 67 Mo. 420; *Butcher v. Death & Teasdale*, 15 Mo. 271; *Lumpkin v. Collier*, 69 Mo. 170; *Carson v. Cummings*, 69 Mo. 325; *Clements v. Yeates*, 69 Mo. 625; *Ensworth v. Barton*, 60 Mo. 511;

*Thompson v. School District,* 71 Mo. 495. A plaintiff, by filing an amended petition in a cause, abandons all former petitions before filed by him in the same cause. *Ticknor v. Voorhis,* 46 Mo. 110; *Woolfolk v. Woolfolk,* 33 Mo. 110; *Skinner v. Hutton,* 33 Mo. 244; *Basye v. Ambrose,* 28 Mo. 39. The statute of limitations applies to counties same as persons. *School District of St. Charles Tp. v. Goerges,* 50 Mo. 194; *County of St. Charles v. Powell,* 22 Mo. 525; Dillon Munic. Corp., §§ 406, 412, and notes; *Baker v. Johnson Co.,* 33 Iowa 151; *Underhill v. Trustees,* 17 Cal. 172. If the plaintiff had stated his cause of action in said last amended petition on the contract with Newton county to build a jail, the statute of limitations would have been a complete bar to his recovery. He certainly cannot stand in a more favorable position on the evidence without such pleading. The plaintiff is charged with full notice of the law governing the powers and duties of the county court of Newton county, and if the warrant sued on was issued without authority of law and was void, the plaintiff was a party to the wrong and cannot call upon the county to reimburse him for his losses. *Walcott v. Lawrence Co.,* 26 Mo. 272; *Reardon v. St. Louis Co.,* 36 Mo. 560; *Ray Co. v. Bently,* 49 Mo. 242; *Steines v. Franklin Co.,* 48 Mo. 167; *State v. University,* 57 Mo. 178; *Barton Co. v. Walser,* 47 Mo. 189; Bigelow on Fraud, 337.

*J. C. Cravens,* with *Jos. Cravens* and *Geo. Hubbert* for respondent.

The "Internal Improvement Fund" being a special fund arising from the sale of 500,000 acres of land granted to the state by an act of congress, could be applied or drawn on as such only for the purposes of "Internal Improvements," such as the building of bridges and construction of roads and highways. 5 U. S. Stat. at Large, p. 455; 2 R. S. of Mo. 1855, p. 991. The building of a jail is not an "Internal Improvement" within the meaning of

38—81

these acts. Laws of Mo. 1858, 1859, p. 381. That a jail is simply a necessary county building, and its erection fully provided for, and is to be paid out of the general revenues of the county is clearly shown by the law in force at the time. 1 R. S. of 1855, p. 499. The court did not err in refusing to sustain defendant's motion to strike out part of amended petition. *Valleau v. Newton Co.*, 72 Mo. 593; *Kingsbury v. Petlis Co.*, 17 Mo. 479; *s. c.*, 48 Mo. 207. The liability of the defendant is clearly shown by the facts and circumstances in this case. *Valleau v. Newton Co.*, 72 Mo. 596. The defense of the statute of limitations was not made out. *Lottman v. Barnett*, 62 Mo. 170; *Logan v. Barton Co.*, 63 Mo. 336. The facts of the case present no element of estoppel against plaintiff. Bigelow on Estop., (2 Ed.) 42. The supreme court should not reverse causes for errors not materially affecting the merits of the action. R. S. 1879, § 3775; *Orth v. Dorschlein*, 32 Mo. 386; *Hunter v. Miller*, 36 Mo. 143; *Miller v. Newman*, 41 Mo. 509.

HENRY, J.—This cause was once before in this court on writ of error, and the only matter then considered was the action of the circuit court in sustaining a demurrer to the amended petition, the same now before us, which counsel for appellant again insists is bad for the reasons urged on the former occasion. The petition is incorporated in the opinion then delivered, and the case is reported in 72 Mo. 593. We adhere to the ruling then made. On a retrial of the cause plaintiff had judgment from which defendant has appealed. Many of the questions discussed by counsel in their briefs were settled by the former adjudication, and we shall only consider those not there determined. Appellant's counsel contends that the action was barred because not commenced within five years after the right of action accrued. Section 3229 and not section 3230 is the one which governs. The suit is one in writing for the payment of money, and ten years is the limitation prescribed in such cases. The amended petition does not state a cause of ac-

tion other than that upon the warrant. The facts alleged in relation to the action of the county court with regard to the internal improvement fund are only stated in order to show why the warrant sued on is payable out of the general revenue fund.

The evidence conclusively shows that after contracting for the materials and work which plaintiff furnished and performed, the county court borrowed all of the money on the internal improvement fund and applied it to the payment of demands not properly chargeable to that fund. The petition conformed to the ruling in *Kingsberry v. Pettis county*, 48 Mo. 208, and in this cause when here before. It is not, as counsel insists, a suit where the contract is to furnish the materials for the jail and perform the work done by plaintiff, but a suit upon the warrant alleging facts, showing that, although drawn upon one fund, it is to be regarded as evidence of a general indebtedness payable out of the general fund.

The judgment is affirmed. All concur.