L. D. WILLIAMS v. MISSOURI VALLEY DRAINAGE DISTRICT OF HOLT COUNTY, MISSOURI, A CORPORATION.—186 S. W. (2d) 209.

Kansas City Court of Appeals. January 22, 1945.

*J. L. Milligan, Clifford B. Kimberly, Thos. E. Deacy, Milligan, Kimberly & Deacy* for appellant.

*Culver, Phillip, Kaufmann & Smith* for respondent.

SPERRY, C.—This is a suit by L. D. Williams, plaintiff, against Missouri Valley Drainage District of Holt County, Missouri, defendant, seeking judgment for the principal and accrued interest on two warrants issued by defendant to one Jacoby, and by him alleged

to have been assigned and transferred to plaintiff. The petition was in two counts, each count being identical with the other except as to description, amount, etc., of the warrant declared thereon. Defendant filed general demurrer to both counts. The court sustained the demurrer. Plaintiff refused to plead further and judgment for defendant followed. Plaintiff appeals.

In the first count plaintiff alleged that: (a) The defendant was duly incorporated as a drainage district under Article 1, Chapter 79, Revised Statutes of Missouri, 1939. (b) The defendant duly employed Clark E. Jacoby as its consulting engineer. (c) The warrants sued upon were duly issued by defendant to Jacoby in payment for services. (d) The warrants were in due and proper form as provided by law. (e) The warrants were presented by plaintiff and not paid for want of funds. (f) The warrants for a valuable consideration were sold, conveyed, assigned and transferred by Jacoby unto the plaintiff and at the time suit was filed he was the legal owner and holder thereof. (g) The warrants were due and unpaid. (h) The defendant at the time the warrants were issued and at no time subsequent thereto had in its treasury any money or funds whatsoever with which to pay the warrants.

The warrant declared on in the first count is set out therein as follows:

"2,000.00                                                                      No. 16.

"Treasurer Missouri Valley Drainage District, Holt County, Mo.

"Pay to Clark E. Jacoby Two Thousand Dollars, out of any money in the Treasury belonging to the Missouri Valley Drainage District. Given at the Town of Bigelow, County of Holt. By the order of the Board. This 28th day of May, 1927. For engineering services and plan of reclamation.

"(Signed)  J. M. Albertsen,
"President.

"(Seal)
"Attest:  Frank Walker,
"Secretary."

Said count also contained the following:

"That plaintiff presented said warrant to the Treasurer of said District, and payment of which was refused by said Treasurer, on the 28th day of May, 1927, upon the ground and for the reasons that no funds were in said Treasurer's hand available for the payment of said warrant, and that said Treasurer endorsed thereon the following words and figures, to-wit:

" 'PRESENTED, and not paid for want of funds this 28th day of May, 1927.

"(Signed)  Frank Walker,
"Treasurer.' "

The warrant declared on in the second count is identical with that hereinabove set out in the first count, excepting only as to amount, it being for the principal sum of $1000; and the allegations concerning plaintiff's presentation and defendant's failure to pay, together with indorsement by Frank Walker, Treasurer, are identical with those heretofore copied from the first count of the petition. Therefore, if the demurrer should have been sustained as to the first count it should also have been sustained as to the second.

Defendant contends that the demurrer was properly sustained because the petition shows on its face that suit is barred by the ten year statute of limitations, Section 1013, R. S. Mo., 1939, which is as follows:

"What action shall be commenced within ten years.—Within ten years. First, an action upon any writing, whether sealed or unsealed, for the payment of money or property; second, actions brought on any covenant of warranty contained in any deed of conveyance of land shall be brought within ten years next after there shall have been a final decision against the title of the covenantor in such deed, and actions on any covenant of seizin contained in any such deed shall be brought within ten years after the cause of such action shall accrue; third, actions for relief, not herein otherwise provided for."

Plaintiff concedes that the action is barred by that section, if it applies; but he contends that actions for the collection of drainage district warrants are limited by Section 13835, R. S. Mo. 1939, which section limits actions for the collection of county warrants. The last mentioned section provides as follows:

"When Canceled-Barred by Lapse of Time, When—Whenever any warrant drawn on any county treasurer shall have remained in the possession of the county clerk for five years, unclaimed or not called for by the person in whose favor it shall have been drawn, or his or her legal representatives, the county court shall, by proper order, entered of record, annul and cancel the same; and whenever any such warrant, being delivered, shall not be presented to the county treasurer for payment within five years after the date thereof, or, being presented within that time and protested for want of funds to pay it, shall not be again presented for payment within five years after funds shall have been set apart for the payment thereof, such warrant shall be barred and shall not be paid, nor shall it be received in payment of any taxes or other dues."

Plaintiff contends that Section 13835, *supra*, limits this action because made to do so by the terms and provisions of Section 12474, Revised Statutes Missouri, 1939. In effect he concedes that it is not applicable unless made so by said Section 12474, *supra*. Section 12474, *supra*, provides as follows: "Warrants—The Law of this state, under which county warrants are *issued, sold, transferred, assigned, presented for payment,* and *paid,* shall apply to all warrants

issued by any drainage or levee districts in Missouri organized under any existing, special or future law of this state." (Emphasis ours.)

Defendant's position is that Section 13835, *supra,* has no application here for the reason that Section 12474, *supra,* does not provide that it shall apply. We think defendant's position is correct.

Both parties hereto cite and rely heavily on Wilson v. Knox County, 34 S. W. 45, 132 Mo. 387. That was a suit for collection of a county warrant and defendant county pleaded the general statute of limitations in bar. The court said, l. c. 397: "It follows then that Section 3195 (now Section 13835, Revised Statutes of Missouri, 1939) being a special statute of limitation governing actions upon county warrants, the warrants in suit are withdrawn from the operation of the general statute of limitations, and the trial court erred in holding that the plaintiff's action was barred by that statute, and as, upon the admitted facts, his action was not barred by the special statute, the judgment cannot be for the right party. The judgment is therefore reversed, and the cause remanded for new trial."

Concisely stated, the court held that the special, and not the general, statute of limitations governed in suits for the collection of county warrants. Drainage district warrants were not involved.

The court also said, l. c. 391:

"By Chapter 45 of the Revised Statutes (of 1889) a code is provided for the organization and government of counties.. In Articles 4, 5 and 6 of that chapter we have the expression of the legislative will upon the subject of County warrants, prescribing the form of such warrants (Section 3191); when to be drawn, and by whom signed (Section 3192), how to be negotiated (Section 3194), by whom to be presented, and how paid by the treasurer of the county (Sections 3193 and 3219); when to be canceled, *and when barred by the lapse of time* (Section 3195)." (Emphasis ours.)

The sections containing the law under which county warrants are *issued,* as above stated by the Supreme Court, are Sections 3191 and 3192, Revised Statutes Missouri, 1889, which are identical with Sections 13831 and 13832, Revised Statutes Missouri, 1939. The section of the law relating to how county warrants may be *sold, transferred or assigned* is Section 3194, Revised Statutes Missouri, 1889, referred to by the court, which is identical with Section 13834, Revised Statutes Missouri, 1939. The section of the law relating to the *presentation and payment* of a county warrant is Section 3193, Revised Statutes Missouri, 1889, referred to by the court, which is identical with Section 13833, Revised Statutes Missouri, 1939.

The section relating to when county warrants are to be *canceled and barred by the statute of limitation* is Section 3195, Revised Statutes Missouri, 1889, referred to by the court, which is identical with Section 13835, Revised Statutes Missouri, 1939..

When the Legislature enacted Section 12474 in 1913 (Laws of Missouri, 1913, page 321), what is now Section 13835 (relating to cancellation and barring by limitation of county warrants) was a part of the law of this state. If the Legislature had intended that the special statute of limitations applicable to county warrants provided for in Section 13835 should apply to drainage district warrants (that is, the special statute of limitation) then Section 12474 should read thus:

"The law of this state, under which county warrants are issued, sold, transferred, assigned, presented for payment and paid, *and cancelled or barred by limitation,* shall apply to all warrants issued by any drainage or levy districts in Missouri under any existing, special or future law of this state." (Emphasis our.)

The words above in italics are not in the statute and the court has no power to put them there. Section 12474 refers only to Sections 13831, 13832, 13833 and 13834. Therefore, Section 13835, which is a special statute of limitation that applies to county warrants, has not been made to do so, and does not apply to drainage district warrants. We hold that Section 13835 of the county warrant law is not embraced within the provisions of Section 12474, *supra,* either by specific reference or by inferential language; and that the Supreme Court virtually said as much in Wilson v. Knox County, *supra.*

Plaintiff concedes that if this is the law then the cause is barred by Section 1013, Revised Statutes Missouri, 1939.

Plaintiff also cites State ex rel. Frazer v. Holt County court, 135 Mo. 533, 37 S. W. 521, and State ex rel. Nolen v. Nelson, Treasurer, 310 Mo. 526, 275 S. W. 927. In the Frazer case the suit was on a county warrant, not a drainage district warrant, and the court reiterated its ruling laid down in Wilson v. Knox County, *supra.* In the Nolen case the court held that *mandamus* was a proper remedy to enforce the rights of a holder of a drainage district warrant. The question of the applicability of any statute of limitations was not involved. The ruling there made is applicable to the situation ruled; but that is not the situation presented in the case at bar. The doctrine of the applicability of the county warrant statutes to drainage district warrant cases is not extended by either of these opinions so as to make applicable a section thereof which is not made applicable, by Section 12474, *supra,* either by reference or by implication; nor does there appear in either of said opinions any language evidencing such an intention. Neither the Supreme Court nor this court has the power to so amend and broaden, by judicial construction, Section 12474, *supra,* as to bring within its scope a whole section of the statute which was not included therein by the Legislature; nor has the Supreme Court done so, even inadvertently, by language used in its above cited opinions.

Defendant's counsel have ably briefed and presented other grounds upon which they contend the demurrer ought to have been sustained. Counsel for plaintiff have as ably presented the negative of such contentions. Plaintiff agrees that if defendant is correct in its view, that the general statute of limitations governs this action, the demurrer was properly sustained. We think that it does govern. It would, therefore, be profitless to extend this opinion so as to incorporate herein a ruling on other points.

The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.