IRMA PULLUM v. CONSOLIDATED SCHOOL DISTRICT No. 5, STODDARD COUNTY, MISSOURI, Appellant.—No. 40423.—211 S. W. (2d) 30.

Division One, May 10, 1948.

*C. A. Powell* for appellant.

860

*R. Kip Briney* and *Joe Welborn* for respondent.

[32] VAN OSDOL, C.—Appeal from a judgment for plaintiff in an action on warrants issued by defendant-appellant Consolidated School District No. 5, Stoddard County, to plaintiff-respondent for salary as a teacher. In the trial court defendant-appellant sought to interpose a defense that the warrants were invalid under Sections of the statutes relating to the application and expenditure of school moneys, and the apportionment of the public school fund to public schools. Sections 9233 and 9257 R. S. 1929, Mo. R. S. A.; and see Section 13, School Law of 1931, Laws of Missouri 1931, p. 340 (now Section 10454 R. S. 1939, Mo. R. S. A., as amended by repeals and re-enactments in 1941, 1943 and 1945). In determining the defendant-appellant's contention of the impropriety of trial court's ruling in striking out the paragraphs of the answer pleading the defense, it is necessary to construe the Sections. We consider the appellate jurisdiction of this court is invoked on the ground the case involves a construction of the revenue laws of this state. Section 3, Article V, Constitution of 1945. Examine and compare State ex rel. Ginger v. Palmer, Mo. App., 194 S. W. 2d 736, case transferred, and reviewed by this court, 198 S. W. 2d 10.

Plaintiff-respondent entered into a contract dated April 19, 1932, in which she undertook to teach in Consolidated School District No. 5 for a term of nine months commencing August 29, 1932, for the salary

of $86 per month. It is admitted plaintiff-respondent taught and continued to teach during the years including the seven months for which service as teacher seven warrants were issued payable out of any funds for the payment of teachers, as agreed, on which warrants plaintiff has declared in the instant action instituted March 25, 1942.

The warrant of earliest date on which plaintiff has declared in the first count of her petition of seven counts is now set out in form as shown in the transcript of the record,

"School Warrant,　　Teachers Fund.　　　　No. 249

To the Treasurer of Con's Dist. #5,　　———————Mo.

Pay to the order of Irma Pullum ............... .... $86.00

Eighty Six & No/100 ....... ..... ............Dollars

For 6th Mo. Account of Dist. No. 5

Out of any funds in your hands for the payment of

　Teachers belonging to said District.

Payable at Bank of Advance. Address of Bank Advance, Mo.

"Done by order of the Board, this 10th day of Feb., 1933

　H. M. Poe, President.　　　　R. P. Barks, Clerk.

　　　" (Payable when notified)"

The trial court found and rendered judgment for plaintiff in the aggregate sum of $418.53 and for interest thereon at 6% from the date of the judgment.

Herein upon appeal defendant-appellant School District contends, (1) the action is barred by the five-year limitation period as provided in Section 1014 R. S. 1939, Mo. R. S. A.; (2) but if the action is not barred by the Section 1014, plaintiff-respondent is not entitled to recover, because the warrants were not presented for payment within five years after they were issued as required by Section 13835 R. S. 1939, Mo. R. S. A.; (3) if plaintiff is entitled to recover, the trial court's judgment is erroneous in including interest from the date of the judgment's rendition; (4) the institution of the action was premature on five of the warrants because the five warrants "show upon their face that they were 'payable when notified' " and the evidence shows defendant-appellant has never notified plaintiff-respondent the warrants were payable, and further the action was prematurely instituted because the warrants were payable out of a (special) teachers' fund and (it is asserted) it could not have been shown there are now moneys available in the teachers' fund with which to pay the warrants; (5) the trial court erred in striking paragraphs of the answer which contained the allegations that, because defendant School District did not receive during the years, including the months for which the warrants were issued, the amounts of income anticipated from state aid, the defendant did not have "on hand" when the warrants were issued and does not now have on hand any money derived from revenue for those years to pay the warrants; and (6) since the warrants were issued prior to the time

of distribution of such state aid funds as School District had on hand when the instant action was instituted, defendant does not now have and may not hereafter have on hand any moneys which it can lawfully use to pay the warrants, and so the warrants are void, and plaintiff cannot recover.

It is parenthetically observed defendant-appellant contends plaintiff has no claim; the action on her claim was instituted too soon; and the action on her claim was instituted too late.

■ (1) and (2) Actions on the warrants of municipalities and political divisions of a state are generally governed by the limitation period (Section 1013 R. S. 1939, Mo. R. S. A., in our state) prescribed for instruments in writing for the payment of money. 53 C. J. S., Limitations of Actions, sec. 57, p. 1014; Annotation 111 A. L. R. 984, at page 986; Valleau v. Newton County, 81 Mo. 591; Williams v. Missouri Valley Drainage Dist. of Holt County, 238 Mo. App. 1206, 186 S. W. 2d 209. Under Section 1033 R. S. 1939, Mo. R. S. A., the provisions of Article 9 (including the Section 1013) Chapter 6, R. S. 1939, Mo. R. S. A., do not extend to an action which is or shall be otherwise limited by special statute; and the special statute, Section 13835, supra, has been held to be specially applicable to county warrants. State ex rel. Frazer v. Holt County Court, 135 Mo. 533, 37 S. W. 521; Wilson v. Knox County, 132 Mo. 387, 34 S. W. 477, a case criticized on another point in State ex rel. Egger v. Payne, 151 Mo. 663, 52 S. W. 412; Williams v. Missouri Valley Drainage Dist. of Holt County, supra. We hold the general limitation period (ten years) as prescribed by Section 1013, supra, applicable to any "writing . . . for the payment of money" to be applicable to actions on warrants issued by School District, a public corporation, and, since all of the warrants involved in the instant action were executed and delivered within ten years prior to the institution of the action, we hold the action was not barred by limitation.

■ (3) It was expressly provided by Section 9233 R. S. 1929, supra, that "no school warrant shall bear interest"; however, plaintiff's claim based on the warrants has now been reduced to judgment so that the judgment now evidences School District's indebtedness to plaintiff. We believe the provisions of Section 3228 R. S. 1939, Mo. R. S. A., relating to interest on judgments, are applicable in upholding the trial court's allowance of interest from the date of judgment. We have seen the Court of Civil Appeals of Texas expressed a like view in a case involving the warrant [34] of a city whose charter provided city warrants should bear no interest. City of San Antonio v. Alamo Nat. Bank, Civ. App., 155 S. W. 620. See also Watts v. Mayes, Mo. Sup., 232 S. W. 122; Billingsley's Adm'r. v. Billingsley, 24 Ala. 518; 47 C. J. S., Interest, sec. 22, pp. 36-37.

■ (4) The form of the warrants is substantially that provided by Section 9312 R. S. 1929, Mo. R. S. A. (now provided by Section

10366 R. S. 1939, Mo. R. S. A., repealed and re-enacted, Laws of Missouri 1943, p. 893). The parenthetical (penned) notation, "(Payable when notified)," on the lower margins of the five warrants mentioned does not appear in the form set out by the statute nor does the notation appear in the body of any of the five warrants. It was not shown who made the notations, nor is there cited legal authority supporting a contention a teacher who is being issued a school warant for teacher's services performed may be required to await notification as a condition precedent to instituting an action to protect or enforce her claim.

 (5) and (6) We believe the allegations of the answer stricken by the trial court did not constitute a defense to the instant action, and the trial court, in sustaining the motion to strike, was not in error. The allegations stricken did not specifically allege the debts for plaintiff's services as teacher, to evidence which the warrants were issued, were invalid because of violation of the constitutional provision imposing a limitation on School District's indebtedness— "No . . . school district . . . shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year." Section 12, Article X, Constitution of 1875. The quoted language of the Constitution of 1875 has been uniformly construed as permitting the anticipation of the current revenues to the extent of the year's income in which the debt is contracted or created and as prohibiting the anticipation of the revenues of any future year. Clarence Special School Dist. of Shelby County v. School Dist. No. 67 of Shelby County, 341 Mo. 178, 107 S. W. 2d 5; Trask v. Livingston County, 210 Mo. 582, 109 S. W. 656.

In cases in which the constitutional issue has been raised, it is said the situation at the time a debt is contracted or created determines whether or not a debt is void under Section 12, Article X, Constitution of 1875. Clarence Special School Dist. of Shelby County v. School Dist. No. 67 of Shelby County, supra; Trask v. Livingston County, supra; Tate v. School Dist. No. 11 of Gentry County, 324 Mo. 477, 23 S. W 2d 1013. In examining a question whether a debt for a teacher's services is in violation of constitutional limitation on a school district's indebtedness, the debt is considered as contracted or created when the teacher's services are performed. Tate v. School Dist. No. 11 of Gentry County, supra.

The allegations stricken from the answer stated that defendant was unable to pay plaintiff's warrants during the respective years (which included the months for which the warrants were issued) because defendant's income through state aid for the years was not as great as had been anticipated; and that the warrants were in excess of the revenue and income of defendant for the years during which the warrants were issued. But the stricken allegations did not

allege the debts created upon plaintiff's performance were unconstitutional and void because defendant had theretofore become indebted in the respective years to the extent of the income and revenue provided for the respective years. Had defendant expected the debts evidenced by the warrants to plaintiff to be held void because created in violation of constitutional limitation on a school district's indebtedness, defendant should have raised the issue; but, even where the constitutional issue is raised, it is written, "Failure to collect during any year all taxes levied therefor does not invalidate debts which were within the amount levied when contracted." Clarence Special School Dist. of Shelby County v. School District No. 67 of Shelby County, supra.

We have seen it was admitted that plaintiff performed the contracted services as a teacher, and that defendant issued warrants to her for her services; and we are now in a position to soundly assume the defendant's debt to plaintiff incurred upon plaintiff's performance was not invalid because of constitutional limitation on indebtedness, inasmuch as defendant had not raised the issue.

The warrants were indeed payable out of a special fund, in a sense, but the debts evidenced and acknowledged by the warrants are obligations School District has a moral and legal duty, within legal limitations, to pay. State ex rel. Wood v. Hamilton, Mo. App., 136 S. W. 2d 699.

But defendant urges the language of Section 9233 R. S. 1929, supra, "No county or township treasurer shall honor any warrant against any school district that is in excess of the income and revenue of such school district for the school year . . . nor shall any portion of the funds mentioned in this section be applied in payment of any teacher's warrant issued prior to the distribution of such funds in accordance with Section 9257 (now Section 10454 as amended, supra)," is to be construed as to deny plaintiff's recovery of judgment. But it must be clear plaintiff's warrants, valid when issued, are not vitiated because School District's treasurer may now have none of the income or revenue collected for the years during which the warrants were issued, nor because School District's treasurer cannot now lawfully or may never lawfully honor the warrants, nor merely because the warrants were in excess of the collected revenue and income of the years when the respective warrants were issued. The language quoted should not be construed as a defense to plaintiff's action on her otherwise valid warrants.

Of course we have been treating herein with plaintiff's right to have judgment. The instant action does not involve the question of the collection of plaintiff's judgment. But we do say, if plaintiff's claim is otherwise valid, "a court cannot deny judgment merely because of the difficulty of collecting thereon." Dye v. School Dist. No. 32 of Pulaski County, 355 Mo. 231, 195 S. W. 2d 874. See now

866

State ex rel. Black v. Renner, 235 Mo. App. 829, 148 S. W. 2d 809; State ex rel. Wood v. Hamilton, supra; State ex rel. Hufft v. Knight, Mo. App. 121 S. W. 2d 762; and also examine State to Use of Board of Education v. Tiedemann, 69 Mo. 306; and Security State Bank v. Dent County, 345 Mo. 1050, 137 S. W. 2d 960.

The judgment should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.