The STATE OF MISSOURI ex rel. IRMA PULLUM, Respondent, v. CONSOLIDATED SCHOOL DISTRICT No. 5 of Stoddard County, Missouri, E. T. STROUP, E. M. GARNER, E. F. WEEKS, JR., IVAN DUNN, L. A. WOOD, and TOM RENDLEMAN, Members of the Board of Education of Consolidated School District No. 5 of Stoddard County; C. O. GOODMAN, Treasurer, and FRED WILLIAMSON, Clerk of the Board of Education of Consolidated School District No. 5 of Stoddard County, Missouri, Appellants, No. 41752—233 S. W. (2d) 702.

Division Two, November 13, 1950.

*C. A. Powell* for appellants.

*R. Kip Briney* and *Joe Welborn* for respondent.

[703] BOHLING, C.—■ This is a proceeding in mandamus to collect the judgment recovered for services as a teacher in Irma Pullum v. Consolidated School District No. 5 of Stoddard county, Missouri, 357 Mo. 858, 211 S. W. 2d 30. The School District and its officials, respondents below and appellants here, contend, among other things, that the funds which the teacher, relator below and respondent here, claims are available for the discharge of her judgment may not be applied thereto under our statutes. Thus, the issues presented for review involve a construction of the revenue laws of this State and vest appellate jurisdiction here. [704] Pullum v. Consolidated School District No. 5, 357 Mo. 858, 211 S. W. 2d 30, 32[1]; State ex rel. Ginger v. Palmer (Mo. App.), 194 S. W. 2d 736, 739[1, 2], and, upon transfer (Mo.), 198 S. W. 2d 10. We designate the parties according to their title in the trial court.

No issue is presented involving the pleadings, and the facts essential to a determination follow:

Relator was one of the teachers of respondent School District and warrants were issued to her for services rendered. However, seven of the warrants issued in the years 1933, 1935, 1936, and 1938 were not paid. She instituted suit, in seven counts in 1942, on these warrants and obtained judgment thereon for $418.53 in 1947. This judgment, upon appeal, was affirmed on May 10, 1948, all of which appears in the reported case in 357 Mo. 858, 211 S. W. 2d 30. Being unsuccessful in her demands upon respondents to have the judgment paid after transmittal of our mandate to the trial court, relator instituted this proceeding in mandamus in October, 1948, to secure the payment of her judgment. Upon change of venue to Scott county and in due course, the cause was tried and submitted to the court on August 8, 1949.

The record discloses that economic conditions in Stoddard county during the early 1930s were bad; that taxes were not being paid; that anticipated incomes and revenues for respondent School District were not received; and that, as a result, some of respondent School District's teachers' warrants were not paid.

Respondent School District's Teachers' fund at the beginning of the 1948-1949 school year (July 1, 1948) had a balance in round figures of $7,700. During said school year $38,900 was paid into the fund and $34,100 was disbursed therefrom, leaving a balance of $12,500 in the Teachers' fund at the end of the school year (June 30, 1949).

It was also established that said School District's Incidental fund had a balance on hand of $2,400 at the beginning of the 1948-1949 school year; that $33,500 was paid into said fund and $19,400 was disbursed therefrom during said school year, leaving a balance in excess of $16,400 at the end of the 1948-1949 school year.

The Constitution of Missouri of 1945 authorized the distribution of the capital of the liquidated county school funds upon a majority vote (1945 Mo. Const. Art. IX, § 7, Laws 1945, p. 51); and the General Assembly implemented said constitutional provision by providing for such elections and, in the event of an affirmative vote, the distribution of the capital of said liquidated school funds (Laws 1945, p. 877; and 1 Laws 1947, p. 285; Mo. R. S. A., § 10376.2).

On October 15, 1948, respondent School District received, by reason of the liquidation of the Stoddard county capital school fund under the aforesaid enactments, the sum of $4,654.67. Although there was an offer of proof on behalf of the School District of a desire to place it in the Building fund, the $4,654.67 was temporarily placed in the Incidental fund on account of this and other like suits involving, we understand, teachers' warrants totaling approximately $3,300.

The evidence also established that there were no outstanding unpaid obligations of respondent School District except the aforesaid $3,300; that all other commitments for the 1948-1949 and prior school years had been discharged, and that cash balances existed in the different funds of the School District. However, none of the moneys in said respondent's treasury was in the treasury when the relator's warrants were issued, and all moneys in the Teachers' or the Incidental funds have been received since July 1, 1943.

■ Mandamus is the proper remedy for the collection of this judgment debt. State ex rel. Hufft v. Knight (Mo. App.), 121 S. W. 2d 762, 764; 55 C. J. S. 284, § 153, c.

■ Respondents stress the clause italicized infra of the last sentence of § 10366, R. S. 1939 (reenacted Laws 1943, p. 893; Laws 1949, p. 586), reading: ''No county, township, or school district treasurer shall honor any warrant against any school district that is in excess of the income [705] and revenue of such school district for

the school year beginning on the first day of July and ending on the thirtieth day of June following; *nor shall any portion of the funds mentioned in this section be applied in payment of any teacher's warant issued prior to the distribution of such fund in accordance with section 10454, Revised Statutes, 1939."*

They contend that respondent School District's warrants can be paid only out of moneys collected for the school year during which the warrants were issued, and that none of the funds in respondent School District can be applied lawfully to the payment of relator's judgment as her warrants were issued for services rendered prior to 1938 and no moneys in the funds of respondent School District when this suit was instituted were from taxes levied for the school years in which the warrants were issued, all funds having been collected and distributed after the issuance of the warrants involved. § 10366, supra; and Pullum v. Consolidated School District No. 5, 357 Mo. 858, 211 S. W. 2d 30, 35, are cited.

Relator's judgment does not remove the applicability of the provisions of § 10366, supra, relating to the payment of her warrants out of respondent School District's Teachers' fund. The doctrine of the merger of a claim in the judgment thereon has its limitations in the justice of given situations. ''The judgment does not annihilate the debt, * * * and, when the essential rights of the parties are influenced by the original contract, the court will look behind the judgment for the purpose of ascertaining what the original contract was.'' 50 C. J. S. Judgments, § 599, nn. 75, 80; § 600, n. 98. It has been observed that judgments founded on county warrants give ''no preference over the warrant as to payment'' (Sturdivant Bank v. Stoddard County, 332 Mo. 568, 573, 58 S. W. 2d 702, 704); and are ''subject to the same limitations and restrictions as to payment as the warrants themselves * * *'' (Douglas County v. Bank of Ava, 333 Mo. 1195, 1200, 65 S. W. 2d 104, 106). Consult also 30 Am. Jur. 903, §§ 150 et seq.; 20 C. J. S. 1156, § 254; 2 Freeman, Judgments, 5th Ed., 1172, §§ 550 et seq.; Ballard v. Standard Printing Co., 356 Mo. 552, 202 S. W. 2d 780, 782[1-4] reviewing authority; State ex rel. Seeligman v. Hays, 50 Mo. 34. Relator's warrants were expressly payable out of the ''Teachers' fund'' of respondent School District. See warrant at 357 Mo. l. c. 862, 211 S. W. 2d l. c. 32. Relator presented her case in the trial court on the theory that payment was to be had out of surplus moneys in said fund.

Section 3228, R. S. 1939, providing for interest on money judgments, has been considered to authorize interest on judgments against governmental agencies. Simmons Hdwe. Co. v. City of St. Louis (Mo.), 192 S. W. 394, 398[12-17]; Pullum v. Consolidated School Dist. No. 5, 357 Mo. 858, 211 S. W. 2d 30, 33[5]; 20 C. J. S. 1266, § 306. Interest is allowable as damages for the detention of the debt when an instrument does not provide for interest. Consult 11 C. J.

S. p. 260, nn. 87, 89; p. 262, nn. 23, 24. The fact that interest was allowable on relator's judgment, although the warrants were not subject to interest, does not establish such a merger of the warrants in the judgment as to render inapplicable the statutory provisions covering the payment of the warrants.

Reverting to § 10366, supra. The last sentence thereof, quoted supra, first appeared as a second sentence to then § 7073, R. S. 1879, in Laws 1885, p. 242. Throughout the years the clause has remained the same with the exception the words "such fund" first appeared as "such funds," and the reference now is to § 10454, R. S. 1939, instead of § 7122, R. S. 1879. (§ 10454 was reenacted, Laws 1943, p. 906; Laws 1945, pp. 1658 and 1704; 2 Laws 1947, p. 379.) Section 10366 is the result (see Laws 1939, pp. 707-710) of the combination and reenactment of § 9233 (Laws 1885, p. 242, supra) and § 9312, R. S. 1929. Among other things, it also provided that all school moneys should be disbursed only for the purposes for which they were received; named specific funds for the accounting of school moneys, to wit: Teachers', Incidental, Free Textbook, Building, [706] Sinking, and Interest funds; provided that no warrant is to be drawn for the payment of any school district indebtedness "unless there is sufficient money in the treasury and in the proper fund for the payment of said indebtedness"; that "all moneys received from the state, county and township funds" et cetera were to be placed to the credit of the Teachers' fund, except as otherwise provided; that "each and every warrant shall be paid from its appropriate fund, as provided by law," and *"provided further,* that after all incidental obligations are paid, the board of directors shall have the power to transfer such portion of the balance remaining in the Incidental Fund to the Teachers' Fund as may be necessary for the total payment of all contracted obligations to teachers" et cetera.

The fund subject to distribution under § 10454, supra, is the public school fund of the State, which is to be apportioned as therein provided. The $4,654.67 of the county capital school fund received by respondent School District was not distributed under § 10454, but under Laws 1945, p. 877, § 2, reenacted, 1 Laws 1947, p. 285; Mo. R. S. A., § 10376.2. See § 10390, R. S. 1939, reenacted, 1 Laws 1947, p. 500.

We do not agree with respondents' contention that school teachers holding warrants issued in or prior to 1938 can be paid only out of moneys collected for the years during which the warrants were issued. We are referred to no case sustaining respondents during the many years the clause, italicized supra, has appeared in our statutes. Section 10366 now contemplates that funds be available for the payment of warrants upon their issuance. It also clearly contemplates that any balances in the Incidental fund are to be transferred to the Teachers' fund whenever needed "for the total payment of all contracted obligations to teachers." The General Assembly may have

intended that the income and revenue of a school district for a given school year is primarily for the discharge of the current obligations for the conduct of the school for that year; but to attribute to the General Assembly an intent to avoid the payment of obligations justly due to teachers for instructing the youth of the State in some prior year when there exists a balance in or available for transfer to the Teachers' fund above all commitments against that fund for the current school year is not in accord with honest dealing or the spirit or the wording of § 10366 as a whole. We find nothing in Pullum v. Consolidated School District No. 5, 357 Mo. 858, 211 S. W. 2d 30, 35, in conflict herewith. The contention is overruled.

■ Respondents also urge that there is a need on the part of the School District for equipment, furnishings, and supplies for a new building et cetera. This constitutes no defense under the instant record, which discloses a "balance" of $12,500 in the Teachers' fund and $16,400 in the Incidental fund at the close of the 1948-1949 school year. With these balances on hand, it was respondents duty to discharge its obligations to relator, who perhaps also had need for the money long past due.

A school district owes a mandatory duty, within vested authority, to pay its just obligations, and its officers are charged with the mandatory duty to take such steps as are authorized by law for the prompt discharge of a judgment against the district. State ex rel. Hufft v. Knight (Mo. App.), 121 S. W. 2d 762, 764[7, 8, 10]; State ex rel. Wood v. Hamilton (Mo. App.), 136 S. W. 2d 699, 700[1, 2]. In the instant case moneys are available in the treasury of respondent School District to the credit of funds properly applicable to relator's judgment debt and there is no occasion for the levy of a tax to retire the obligation. Consult observations in the Hufft case, supra, l. c. 764[1].

The judgment for relator was proper and is affirmed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.