RAY A. JUDD, ETC., RESPONDENT, v. CONSOLIDATED SCHOOL DISTRICT No. 3 OF PLATTE COUNTY, APPELLANT.—58 S. W. (2d) 783.

Kansas City Court of Appeals. April 3, 1933.

*Brown, Douglas & Brown* for respondent.

*James H. Hill* for appellant.

SHAIN, P. J.—This is an action instituted by the plaintiff, the respondent herein, against the defendant, appellant herein, to recover for an alleged balance for the furnishing and installing of the heating and plumbing system for a new school building, erected at Dearborn, Missouri.

The defendant is a consolidated school district, organized and existing under the laws of Missouri.

The facts of the case are shown by agreed statements, by documents and by oral testimony.

In the trial court, this case was considered in connection with a case, wherein G. A. Rector was plaintiff and wherein this defendant was also defendant. The Rector suit is an action for alleged balance due to him as the general contractor for the erection and building of the schoolhouse, wherein this plaintiff installed heating and plumbing herein in issue. By stipulation, it is agreed that any testimony in one of these cases, that may be pertinent to the issues in the other, may be considered as evidence in the other.

The evidence discloses that in February, 1930, there was a written contract entered into between the plaintiff and the school board, wherein and whereby the installation of a heating and plumbing system was based upon a consideration of six thousand three hundred and twenty-four dollars ($6,324). It is shown, that there is an unpaid balance of two thousand twenty-eight dollars ($2,028) on this contract. There is no contention that the installment was not in compliance with the contract. A jury was waived and trial was by the judge. The plaintiff was given judgment for two thousand twenty-eight dollars ($2,028) from which the defendant duly appealed.

It appears from the record, that the Consolidated School District Number Three (3) of Platte county, Missouri, a corporation, defendant below and appellant herein, voted a bond issue to the amount of forty-two thousand five hundred dollars ($42,500) for the purchasing of a site and the erection of a building thereon. It appears that for this project, there was available the sum of two thousand dollars ($2,000) from the State for purchase of a site. It also appears, that there was available four hundred dollars ($400) from the sale of the old building.

The defendant makes the contention that the above amounts, totaling forty-four thousand nine hundred dollars ($44,900), in so far as the evidence shows, was the only available funds that could be used to pay for all that was contracted to be paid by three contracts, of which the one in controversy is one, entered into on February 6, 1930.

The contracts of said date are as follows: The Judd contract for plumbing and heating $6,324, the Rector contract, the general contract for the erection of the building, $37,750, and for the electrical wiring and appliances $2,600, which totals $46,674.

As it is shown, that the $2,000 State money purchased the site, this item can be eliminated from consideration. The evidence shows a credit item to the district, by way of interest collected on bond money, in the sum of $419. It appears, that this item of $419 was credited to the building fund. However, the right to so credit is controverted.

It is admitted, that an item of $770 for an electric clock is not chargeable to the building fund.

From the admitted facts, the amount in what was termed the building fund, when the $2,000 for the site is eliminated, amounted to $42,900. It, therefore, appears that the three contracts amount to $3,774, in excess of the above fund.

The defendant school district is contending, based upon the above showing, that the three contracts are in excess of money available for purposes for which the contracts call for and that therefore, the contracts are null and void, because in contravention of law and contravention of section 12 of Article 10 of the Constitution.

The plaintiff, on the other hand, makes a contention that the three contracts include many items and things, other than for the purpose of a site and the erection of a building, and that therefore, these other items and things were properly payable out of other funds on hand and within the revenue provided for the year, that could be properly expended for these items and things.

It is shown that there was raised from the levy for incidentals for the year, wherein the contracts were made, the sum of $4,000 and that there was a balance in the incidental fund, at the time the levy was made. Gathered from the evidence, it can be inferred that the levy and balance on hand amounted to $5,900. There is no evidence, as to the expectancy of revenue other than some evidence comparing with other years.

The case was tried by the judge, jury having been waived, and judgment was for the plaintiff in the sum of $2,028. The judgment and decree of the court was in words and figures as follows, to-wit:

"Wherefore, it is by the court ordered, adjudged and decreed that plaintiff have and recover judgment against the defendant in said sum of two thousand twenty-eight dollars ($2,028), to which amount said sum of one thousand eight hundred dollars sixty-four cents ($1,800.64) is chargeable against, and payable out of incidental funds of the defendant, School District, and of which said sum of two hundred twenty-seven dollars thirty-six cents ($227.36) is chargeable against, and payable out of building funds of the defendant, School District, together with plaintiff's costs in this behalf expended, and that plaintiff have therefor execution.

"GUY B. PARK, Judge."

Appeal was duly had by the defendant and the case is properly before this court for review.

The defendant, School District, presents in its brief, under "Points and Authorities," seven specifications of error with comment and citation of authority.

As before stated, the trial was before the court without a jury. There was no objections to any evidence offered and no declaration of law asked or given. It follows, that if upon an examination of

the whole record there is found anything that will sustain the judgment of the trial court, then same must be upheld.

It appears clear from the record, that the trial court and all parties to the record proceeded upon the theory, that the validity of the contract in issue depended on the fact, as to whether or not the expenditures being made were in excess of the bond issue and revenues of the year that could be legitimately expended in payment of the consideration for the building and improvements provided for in the contract.

The seven specifications of error, presented in the appellant's brief, all are directed to a contention that a series of three contracts, of which the one in issue is one; exceeded the limit of money available under the law, and that therefore, the contract here in issue is void. The above being true, we deem it unnecessary to here set out and discuss these seven specifications under separate heads.

The bond issue in controversy, it appears, was limited to the purchase of a site and erection of a school building. The site being paid for by the State, the $42,500 of the bond issue was left available for the building. The evidence clearly discloses that some of the expenditures, provided for in the three contracts in evidence, were for other than expenditure for the actual erection of the building. The contracts in evidence, as we conclude, include expenditure for furnishing.

As the bond issue involved herein was for the erection of the building, it follows that "furnishing" was not included in the bond money.

In Harrington v. Hopkins, 288 Mo. l. c. 10, this expression is found: In no sense can the words "furnishing" and "repairing" be construed to mean the "erection of public buildings," as those words are used in the Constitution.

The directors of consolidated school districts, according to all decisions in Missouri, are given latitude in the matter of furnishings for schools, so long as they keep within the estimate of revenue contemplated from a levy within the legal rate.

It is evident, from the record before us, that the total indebtedness, when pay day came, exceeded available funds. We, however, find no evidence from which it can be inferred that the directors of the district did not estimate nor that they were not justified in estimating, that the expenditures for furnishings, as provided in this contract, would come within the revenues that would be available for the purpose.

The fact that the directors may have over-estimated the revenue cannot invalidate the contract in issue. [Watson v. Kerr, 312 Mo. 549, 279 S. W. 692.]

The respondent, in his brief, presents that the learned counsel for the appellant is presenting the case on appeal, upon a different defense than that made in the trial court.

We agree that the learned counsel, by academic discourse and didactic presentation, on occasion, directs his thought to the discussion of constitutional interpretation rather than to the applying of the facts in evidence to the undisputed law. However, as it is clearly shown by the record, that no constitutional question was raised in the pleadings or in any proceeding had in the circuit court, we give consideration to the appellant's presentation, as applying to the application of evidence to the issue as presented by the pleadings.

It will be noted, that in the judgment rendered by the trial court, part of the judgment rendered is directed as chargeable to the incidental fund and part to the building fund.

This case is presented to this court on review, on the theory that the three contracts exceeded the amount of $42,500 bond issue, plus $400 received for the old building. None of these contracts are set out in the record in any detailed form. There is nothing, in the record, from which we can conclude what sums were contracted for as for the building and what sums were contracted, for as for the equipment.

As to what particular items were found by the court to be equipment and what building, we have no way of ascertaining other than is indicated in the decree of the court.

As it appears from the evidence, that the contract in issue was duly entered into by the school board and the contractor, and as it stands admitted that the contractor furnished all required to the installment of heating and plumbing system and duly installed same, the burden rests upon the defendant to produce satisfactory evidence, that the contract was void by reason of causes plead and presented to the trial court.

The record in this case, we conclude, justified the trial court in finding that the burden had not been met. We further conclude, that there is evidence shown by the record that sustains the judgment of the court.

Judgment of the trial court is therefore affirmed. All concur.