CLARENCE SPECIAL SCHOOL DISTRICT OF SHELBY COUNTY, Appellant, v. SCHOOL DISTRICT NO. 67 OF SHELBY COUNTY. — 107 S. W. (2d) 5.

Division One, June 30, 1937.

*William L. Hamrick* for appellant.

HYDE, C.—This case, coming recently to the writer, is a suit by a school district, maintaining a high school, to collect tuition (from another school district that did not) for resident pupils therein sent to its high school during the school year ending in May, 1933. Suit was commenced in a justice of the peace court because the amount involved was below the jurisdictional amount of the circuit court. We have jurisdiction of this appeal (which is from the judgment of the circuit court against plaintiff after trial *de novo* on appeal to it) because the defense, which was the sole ground for result reached by the trial court, is based on Section 12 of Article X of our Constitution.

The facts, shown by an agreed statement, were that three minor children of defendant district had, prior to September, 1932, completed the work of eighth grade, its highest grade, and attended the approved high school of plaintiff district from September, 1932, until May, 1933; that plaintiff's cost per pupil of maintaining its high school during that school year was $62.90; that plaintiff asked defendant to pay for tuition $12.50 per pupil; and that defendant refused to pay any amount whatever. Defendant's assessed valuation was $102,700; its school levy was thirty-five cents on one hundred dollars valuation; and this levy was thus divided: Twenty-five cents for teacher's fund and ten cents for incidental fund. The agreed facts also included a statement showing defendant's "total receipts from all sources for the year beginning July 1, 1932, and ending July 1, 1933." The view we take makes it unnecessary to set out this statement in full. It showed that, considering defendant's receipts and expenditures on the basis of the above school year, there was on

July 1, 1933, a deficit in the teacher's fund of $63.71; and a deficit in the free textbook fund of $1.02.

The statement of the Incidental Fund was, as follows:

Overdraft at the beginning of the year of.................$18.00
There was received from current taxes ................... 79.22
Received from land back taxes ........................... 10.94

Total amount received ..................................$90.16
and expenditures plus overdraft from preceding year was ....$95.82
leaving a deficit or overdraft at close of the year of .......... 5.66

The defense was (and recovery was denied on that ground) that any liability incurred or attempted to be incurred by defendant, for high school tuition during the 1932-1933 school year, was void under Section 12 of Article X of the Constitution, which provides, as follows:

"No county, city, town, township, school district or other political corporation or subdivision of the State shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the consent of two-thirds of the voters thereof voting on such proposition, at an election to be held for that purpose."

The basis for defendant's contention of the invalidity of plaintiff's claim is that it actually ended the school year of July 1, 1932, to July 1, 1933, with a total deficit in all funds of $70.39. This showing is not sufficient to prove plaintiff's claim void under the section invoked for several reasons, which will be stated as a guide for a retrial.

First: Plaintiff proved an obligation which it was proper for defendant to incur and which the Legislature had directed its board of directors to pay. (Sec. 16 of 1931 School Act, Laws of 1931, p. 343, which was the law in force at time of this controversy.) After plaintiff's prima facie showing, the burden was on defendant as to any affirmative defense that such an obligation was void because of this constitutional provision. [Mountain Grove Bank v. Douglas County, 146 Mo. 42, 47 S. W. 944; Barber Asphalt Pav. Co. v. St. Joseph, 183 Mo. 451, 82 S. W. 64; Barnard & Co. v. Knox County (C. C. A.), 37 Fed. 563; see, also, Watson v. Kerr, 312 Mo. 549, 279 S. W. 692.] At least part of this debt for tuition was incurred by defendant when its pupils commenced to attend plaintiff's high school in September, 1932. There is no showing as to what prior indebtedness, if any, against applicable funds, defendant had incurred at that time. It is the situation at the time a debt is contracted that must be considered in determining whether or not it is void under the section invoked. [Trask v. Livingston County, 210 Mo. 582, 109 S. W. 656; Barnard & Co. v. Knox County, 105 Mo. 382, 16 S. W. 917; Watson

v. Kerr, supra; State ex rel. Clark County v. Hackmann, 280 Mo. 686, 218 S. W. 318.]

Second: Even considered on the basis of expenditures shown for the school year, the amount spent from the incidental fund (leaving out the overdraft for a previous year which could not be considered in determining the revenues available for the next year) was $77.22. The amount of revenue which a ten cent levy would produce for this fund was $102.70. In addition to this balance, defendant received $47.95 from the State school fund. (This was not for high school tuition under the 1931 law.) "Under this section (Sec. 12, Art. X) . . . (defendant) might anticipate the revenue collected, *and to be collected*, for any given year, and contract debts for ordinary current expenses, which would be binding . . . *to the extent of the revenue provided for that year*, but not in excess of it." (Our italics.) Failure to collect during any year all taxes levied therefor does not invalidate debts which were within the amount levied when contracted. [Trask v. Livingston County, supra; Book v. Earl, 87 Mo. 246; State ex rel. Clark County v. Hackmann, supra; Watson v. Kerr, supra; as to teacher's fund see Tate v. School District, 324 Mo. 477, 23 S. W. (2d) 1013.]

Third: "The only period which can be considered (under the constitutional limitation upon the right to incur debts) is the calendar year;" and "the Legislature could not make anything but the calendar year the basis upon which to consider the right to issue bonds or contract debts," namely: "A year beginning January 1st and ending December 31st." [Union Trust & Savings Bank v. City of Sedalia, 300 Mo. 399, 254 S. W. 28, and cases cited; see, also, Dennig v. Swift & Co., 339 Mo. 604, 98 S. W. (2d) 659.] Statutes making the school year begin on the first day of July of each year and end on the 30th day of June of the next succeeding year, certainly do not change this provision of the Constitution. There is no evidence in this record to show that the defendant became indebted, in any calendar year which could be involved herein, in excess of "the income and revenue provided for such year."

The Legislature enacted the 1931 School Act for the laudable purpose of insuring a high school education for every child. Cooperation between school districts is necessary to accomplish this aim. "Payment by the State of $50 tuition per nonresident attending pupil is in reality State aid to the sending district and not to the receiving district." [State ex rel. Burnett v. School District, 335 Mo. 803, 74 S. W. (2d) 30.] Defendant's annual school meeting in April, 1932, adopted a resolution against paying high school tuition. This resolution is not asserted as a defense and it is not contended that it would deprive the board of directors of the authority given them by the statute to send their resident pupils to high school, however, we

deem it proper to point out that by clarifying amendment (Laws of 1935, p. 351) many matters, which might have caused controversy between school districts, pupils, and parents, have been eliminated.

The judgment is reversed and the cause remanded. *Ferguson* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All concur, except *Douglas, J.,* not voting because not a member of the court when cause was submitted.