Plaintiff (Linn District) recovered a judgment against defendant (Pointer's Creek District) in the sum of $225.00 on the first count and $144.00 on the second count, for tuition of pupils residing in the latter district and attending high school in the former district during the school years of 1943-1944 and 1945-1946. Defendant appeals. We will continue to refer to the parties as plaintiff and defendant.
[1] Plaintiff proved its organization as an approved high school district and that of defendant as a common school district which maintains no high school; that certain pupils, aged between 16 and 20 years, residing in defendant district and having completed the highest grade there, attended high school in plaintiff district for the specified school years; and that plaintiff demanded and defendant refused to pay the cost to plaintiff district for such attendance, less the amount received therefor from the State. This made a prima facie case. [Sec. 10458, R.S. Mo. 1939, Mo. R.S.A.]
[2] The pleaded defense is that the amount sued for and any part thereof, added to prior obligations, exceeded the income and revenue provided for defendant district for each of the years in question; that the payment of any part of the sum demanded has not been authorized by the requisite vote of the voters of defendant district and it is without legal authority to make such payment because of Section 12 of Article 10 of the Missouri Constitution of 1875, then in force, which provided: "No . . . school district . . . shall be allowed to *Page 802 
become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the consent of two-thirds of the voters, . . ."
The defense is affirmative and the burden to establish it is on defendant. [Clarence Special School Dist. v. School Dist. No. 67,341 Mo. 178, 107 S.W.2d 5, 6; Dye v. School District,355 Mo. 231, 195 S.W.2d 874, 880.]
[3] The brief of each party, in the statement of facts and argument, contains not a [723] single reference to a page of the transcript. This is a clear violation of our rule 1.08(c), imposes an unnecessary burden on the court and lessens the value of the briefs.
[4] The assessed valuation of taxable property in defendant district was as follows: for the year 1943, $89,210.00, for the year 1944, $99,420.00, for the year 1945, $96,515.00, and for the year 1946, $107,108.00. Defendant made no levy to pay its teachers, depending entirely upon amounts received from the State for that purpose. Defendant levied for incidental purposes twenty cents on the $100.00 valuation for 1943 and twenty-five cents on the $100.00 valuation for 1945. The rate of levy for 1944 and 1946 was not shown. In 1943 and in 1945 proposals were submitted to and rejected by the voters of defendant district to authorize levies for the specific purpose of paying tuition to plaintiff district. Each time the result of the vote was disclosed to plaintiff district before the beginning of the ensuing school term.
Total receipts for the incidental fund in 1943, including the balance on hand at the beginning of the year, were $833.76. Of this amount, $498.98 were received from the State for transportation of pupils. The receipts in the incidental fund in 1945, including balance at the beginning of the year, were $345.95. Defendant proved that by the end of each school year. 1943-1944 and 1945-1946, it had paid out nearly all the incidental funds; but, except as to the payment for transportation during the school year of 1943-1944, no showing was made as to what obligations were paid from the incidental funds nor when such obligations were incurred.
Under the facts as stated, did defendant sustain its burden of proving that the statutory requirement for it to pay tuition is void because when such tuition came due defendant had paid or incurred legal obligations entirely consuming its income and revenue provided for the year? For several reasons we are compelled to hold that defendant did not sustain its burden of proof.
The constitutional prohibition against incurring indebtedness beyond the income and revenue provided for the year refers to a calendar year. Defendant's obligation to pay tuition arose when one of its pupils began to attend the high school in the plaintiff district and each month's attendance created a new obligation. The pupils mentioned in the evidence in this case attended plaintiff's high school *Page 803 
throughout the school years of 1943-1944 and 1945-1946. One-half of the obligation for the first school year, $112.50, was incurred in 1943 and the same amount was incurred in 1944 and could have been properly paid from defendant's revenue provided for 1944. One-half the amount for the school year of 1945-1946, to wit, $72.00, could have been paid out of the revenue for 1946. Defendant offered no proof as to the amount of its revenue or obligations for 1944 or 1946.
[5] Defendant did not prove that it had incurred legal obligations prior to the beginning of the school year in 1943 or in 1945 which would consume the incidental funds for those years. But defendant says that tuition to another district is payable only out of the teacher fund and cannot be paid out of the incidental fund, citing Section 10366, Revised Statutes Missouri 1939, Mo. R.S.A., amended 1943, page 893. The statute does not so read. It requires the setting up of six separate funds among which are a teacher fund and an incidental fund. It provides that all tuition received by a district from outside pupils shall be placed in the teacher fund. Probably this is because the teacher burden is thus increased in the receiving district, but the statute is silent as to the fund which must be used to pay
tuition to another district. We think the tuition which a district is compelled to pay to another district by Section 10458, cannot be paid out of the teacher fund and must be paid from the incidental fund.
[6] In 1943 defendant levied twenty cents and in 1945 levied twenty-five cents on each $100.00 valuation. Without the approval of its voters, defendant district could have levied forty cents in 1943, [Sec. 11, art. 10, Constitution of 1875] and could have levied sixty-five cents in 1945. [Sec. 11, art. 10, Constitution of 1945.] Such levies would have produced sufficient funds to pay defendant's obligations including the tuition [724] demanded in this case. But defendant says that the constitutional limit of indebtedness is not fixed by the amount of revenue the districtmay provide, but by the amount actually levied for the calendar year, citing, Hawkins v. Cox, 334 Mo. 640,66 S.W.2d 539. That case held that a contract of a special road district purporting to create an indebtedness beyond the amount of revenue actually provided was void, although the full constitutional rate had not been levied. That is good law, and, of course, is applicable to school districts, but not to the facts of the instant case. Here we are not dealing with a debt created by defendant's contract, which it could make or not as it pleased, but a debt which was fastened upon defendant by the mandatory terms of Section 10458, supra. Of course, that statute is subordinate to the constitution and cannot load defendant with a debt which defendant cannot pay by levying the full constitutional rate, but it can and does place a debt upon defendant which it cannot evade by refusing to lawfully provide the revenue to pay it. Section 10454. Revised Statutes Missouri 1939, [Mo. R.S.A.] requires *Page 804 
a district such as defendant to maintain an eight months' grade school. Section 10458 requires such a district to pay the tuition of its children who have finished the grades and attend high school in another district. Both statutes are mandatory to the extent that the district can comply by levying the rate of taxes permitted by the constitution. The difference between a debt incurred by a voluntary contract and one imposed by the mandatory terms of a statute is this: the former is void if beyond the revenue actually provided for the year, the latter is valid if within the revenue which could have been provided. State ex rel. Huff v. Knight, (Mo. App.), 121 S.W.2d 762, though decided on facts differing from those in the instant case, is in point on principle. That opinion says: "The duty of a school district to discharge its obligations, if it can do so by a levy within the limits provided by law, is mandatory upon the district and its directors, and it is mandatory that they certify a levy within the legal limits, sufficient to retire the obligations of the district . . ."
Defendant says that plaintiff can collect the tuition from the pupils or their parents or guardians, citing Section 10458, supra. Plaintiff says we held in State ex rel. Burnett v. School Dist., 335 Mo. 803, 74 S.W.2d 30, that such could not be done. That case was decided before the amendment of the statute which now expressly permits collection from the pupils, parents or guardians "if the same is not paid in full as hereinbefore provided," that is, by the district. The primary obligation is on the district.
For the reasons stated, the judgment is affirmed. All concur.