# FIRST NATIONAL BANK OF STOUT-LAND, Missouri, Respondent,

### v.

## STOUTLAND SCHOOL DISTRICT R2, Camden and Laclede Counties, Stoutland, Missouri, Appellant.

### No. 46715.

Supreme Court of Missouri,

Division No. 2.

Dec. 8, 1958.

Motion for Rehearing or to Transfer to Court en Banc Denied Jan. 12, 1959.

Dillard & Grossenheider, Donnelly & Donnelly, Lebanon, for appellant.

Claude T. Wood, Richland, Neale, Newman, Bradshaw, Freeman & Neale, Jean

Paul Bradshaw, Donald J. Hoy, Springfield, for respondent.

BARRETT, Commissioner.

In three separate transactions in February and April 1953, the First National Bank of Stoutland loaned Stoutland School District R2 of Camden and Laclede counties $31,000. Upon the district's refusal, on December 28, 1953, to pay the loans the bank instituted this action against the district to recover a judgment for the principal sums loaned, together with interest. In its answer the school district, in effect, put the bank to its proof as to the loan agreements and it affirmatively alleged that if the loan agreements were made that they were invalid and unenforceable for the reasons that the agreements and loans were not made in compliance with the governing constitutional and statutory requirements, particularly with Article 6, Section 26(a), Const. Mo.1945, V.A.M.S., and Sections 165.110 and 432.070 RSMo 1949, V.A.M.S. In addition the district filed a counterclaim in which it asked recovery of $64,500 principal and $1316.50 interest for loans made and repaid during the years 1951 to 1953 on the theory that they likewise were made without authority and in violation of the constitutional and statutory provisions. The trial court found for the bank on both its cause of action and the district's counterclaim and accordingly entered judgment from which the district has appealed.

Upon the appeal the district contends here as it did in the trial court that it did not have either express or implied authority to enter into the loan transactions, that the three 1953 loans were in excess of the income and revenue for the year 1953, and that they were not entered into in accordance with and were violative of and prohibited by the constitution and the noted statutes. For the same reasons the district urges that the loan transactions from 1951 to 1953 were invalid and, therefore, the district should recover them. The trial court made full findings of fact and consequent

conclusions of law. The district challenges the court's conclusions of law but it does not attack the court's findings of fact in any respect and they, therefore, establish the facts and will be but briefly noted.

In July 1949, Stoutland School District R2 of Laclede and Camden counties became a reorganized school district with its school building in Stoutland and Camden County designated as the county to which it belonged. V.A.M.S., Secs. 165.657 to 165.707. When the district started operations in September 1951, it, of course, had no working capital and insufficient funds with which to pay its current operating expenses. The district was dependent upon the receipt of its portion of taxes which were not collected and distributed to the district so as to correspond with its current expenses and obligations. At one point, for example, in 1953 there were no funds on hand and no assurance that salaries would be paid and the teachers refused to continue with their contracts and school was closed for two weeks. To meet the exigencies of this perpetual situation and, as one of the witnesses said, "to prevent the interruption of school," the school board, each year, secured advances and borrowed money from the plaintiff bank and after its share of the revenue came in repaid the loans. 1953 was a typical year; by February there were no funds and the school board met for the purpose of authorizing its officers to enter into a loan arrangement with the bank. At this meeting, at which minutes were regularly kept, the board passed a resolution authorizing its officers to borrow $6,000 from the bank at 6% interest. On February 10th the cashier of the bank, after examining the minutes, deposited $6,000 in the district's account and subsequently the district issued checks against the account in payment of teachers' salaries, bus transportation and other usual school expenses. In similar circumstances on February 14th and again on April 18th the board borrowed and the bank advanced the further sums of $10,000 and $15,000, and thus in 1953 the district borrowed a total of

$31,000. While, as has been said, the board frequently had no funds on hand with which to meet current expenses, the loans were always made in anticipation of its revenue and each calendar year in which the loans were made the district eventually received from tax sources more than enough revenue to repay the loans; for example, its ascertainable anticipated revenue for the calendar year 1953 was $120,426.74, the unencumbered anticipated sum on the date of the $6,000 loan being $99,839.42.

■■ Admittedly, no constitutional or statutory provision expressly authorizes a school district to borrow money in this or any other manner. Nevertheless, Section 26(a) of Article 6, Const.Mo.1945, is a self-enforcing grant of power to school districts to incur an indebtedness for public school purposes in an amount not "exceeding in any year the income and revenue provided for such year plus any unencumbered balances from previous years * * *." State ex rel. Gilpin v. Smith, 339 Mo. 194, 96 S.W.2d 40; State ex Inf. Dalton v. Metropolitan St. Louis Sewer Dist., 365 Mo. 1, 275 S.W.2d 225; Bull v. McQuie, 342 Mo. 851, 119 S.W.2d 204; State ex rel. Clark County v. Hackmann, 280 Mo. 686, 218 S.W. 318; Trask v. Livingston County, 210 Mo. 582, 109 S.W. 656, 37 L.R.A.,N.S., 1045; Book v. Earl, 87 Mo. 246. A constitutional limitation on the extent, amount, or purpose of a school district's borrowing power is not a limitation on its authority to incur any indebtedness whatever (79 C.J.S. Schools and School Districts § 325b (3), p. 15), and, as of course, the payment of its debts and obligations, legally incurred, is a public school purpose. State ex rel. Gilpin v. Smith, supra; State ex rel. Clark County v. Hackmann, supra. In this case the minutes of the school board and the bank's corresponding records comprise the contract "in writing," including the dates, authentication and the consideration "to be performed or executed subsequent to the making of the contract." V.A.M.S., Sec. 432.070; Edwards v. School Dist. No. 73, 221 Mo.App. 47, 297 S.W. 1001; Aurora Water Co. v. City of

Aurora, 129 Mo. 540, 31 S.W. 946. It is in these particular respects that the cases relied upon by the school district are not in point; in those cases there was either no written contract or there was no fixed price. Bride v. City of Slater, Mo., 263 S.W.2d 22; Donovan v. Kansas City, 352 Mo. 430, 175 S.W.2d 874, 179 S.W.2d 108; County of St. Francois v. Brookshire, Mo., 302 S.W.2d 1. In Fulton v. City of Lockwood, Mo., 269 S.W.2d 1, the plaintiff was unable to prove from the city's records authorization to enter into the contract and, in a second place, the contract in that case, if executed, called for a sum in excess of the city's income and revenue for the calendar year. There is some discretion in the school board, the power to borrow money or to contract a debt carries with it the authority to agree with its creditor, within constitutional or statutory limitations and within its unencumbered revenue, as to the time and method of payment. Judd v. Consolidated School Dist. No. 3 of Platt County, 227 Mo. App. 921, 58 S.W.2d 783; Arkansas-Missouri Power Corp. v. City of Kennett, 348 Mo. 1108, 156 S.W.2d 913; 15 McQuillin, Municipal Corporations, Sec. 39.09, p. 20. The district having, as indicated, the authority to incur the indebtedness the loan transaction involved here did not violate or infringe the requirements or limitations imposed by Section 432.070 RSMo 1949, V.A.M.S.

■■ The school board says that from its origin in 1949 the district operated on a "deficit" basis and, therefore, annually in excess of its income and revenue in violation of the constitutional prohibition. Const.Mo.1945, Art. 6, Sec. 26(a). For this and other reasons, that warrants were drawn when there were not sufficient funds in the treasury to pay them, that there was no classification of funds, it is said that the loan transactions involved here violated the requirements of Section 165.-110 RSMo 1949, V.A.M.S., and were, therefore, invalid. In addition to providing that a school district treasurer shall not honor any warrant "in excess of the

income and revenue of such school district for the school year," Section 165.-110 provides in detail for the classification of the school's funds, their handling and disbursement by the board. It may be, as the bank urges, that this particular statute has to do with how school money is to be handled and spent, not with the manner in which the district may become indebted, and, therefore, has no application to this case. But, assuming its applicability, as we understand this record and the facts, all of these borrowed funds were disbursed for school purposes, in payment of teachers' salaries, bus transportation and other general school needs, and however they were disbursed, if the principal debts were valid when created they were not subsequently rendered invalid by reason of the fact, not present here, that insufficient revenue was collected in the year with which to pay them or by the fact, if it is a fact, that the board had not properly classified the funds. Pullum v. Consolidated School Dist. No. 5, 357 Mo. 858, 211 S.W.2d 30; State ex rel. National Bank of Rolla v. Johnson, 162 Mo. 621, 63 S.W. 390. There is here no diversion of funds and in any event we are not concerned with the individual liability of directors. Consolidated School Dist. No. 6 v. Shawhan, Mo.App., 273 S.W. 182.

■ To establish the fact of what the appellant calls "deficit" spending and operations the district points to the bank loans and by certain computations shows that at the end of each school year the district's operations showed a deficit. But in determining whether the district has improperly anticipated its revenue and infringed the constitutional proscription, " 'The only period which can be considered * * *' is the calendar year.' " Clarence Special School Dist. of Shelby County v. School Dist. No. 67, 341 Mo. 178, 181, 107 S.W.2d 5, 7; Linn Consolidated High School Dist. No. 1 v. Pointer's Creek Public School Dist. No. 42, 356 Mo. 798, 203 S. W.2d 721. The showing of a deficit between disbursements and receipts at the end of a fiscal or school year because taxes levied and payable during the year were not collected by the county or were not disbursed by the state and county and received by the district does not prove that the district improperly anticipated its revenue and thereby violated the constitutional restriction on its indebtedness. State ex rel. Rothrum v. Darby, 345 Mo. 1002, 1019, 137 S.W.2d 532, 541. As stated in the beginning, the three principal loan transactions involved here were all within the unencumbered anticipated revenue for the calendar year, and "Under this section (Art. 6, Sec. 26(a), Const.Mo.1945) the county court might anticipate the revenue collected, and to be collected, for any given year, and contract debts for ordinary current expenses, which would be binding on the county to the extent of the revenue provided for that year, but not in excess of it." Book v. Earl, 87 Mo., loc. cit. 252; Trask v. Livingston County, supra; Pullum v. Consolidated School Dist. No. 5, supra. It is not necessary to further elaborate and demonstrate, in the circumstances of this case the district had the power to enter into the three loan transactions, they were duly authorized, and they are not invalid by reason of failure to comply with either statutory or constitutional limitations or restrictions.

All that has been said with respect to the three loan transactions is likewise applicable to the district's counterclaim. In addition, the district accepted the benefits of the prior loan transactions, the funds were paid out for school purposes, there is no offer or possibility of restitution and the district is not entitled to recover on its counterclaim. Polk Township Sullivan County v. Spencer, 364 Mo. 97, 259 S.W.2d 804; Witmer v. Nichols, 320 Mo. 665, 8 S.W.2d 63; Sparks v. Jasper County, 213 Mo. 218, 112 S.W. 265; annotation 140 A.L.R. 583, 587.

For the reasons indicated the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.