Dear Representative Morrison:
This opinion is in response to your request which asks the following questions:
 1. Can one or more cities and/or counties enter in long-term contracts, jointly or severally, for solid waste collection and for operation of a solid waste disposal area or processing facility?
 2. Can cities and/or counties form a corporation to contract for and operate such a facility.
 3. Can cities and/or counties jointly issue bonds to construct a solid waste processing facility?
We construe the phrase "cities and/or counties" in each of your questions to mean and include two or more cities, two or more counties, and any combination of cities and counties, and herein we use such phrase in that sense. We further assume, for purposes of responding to your questions, that all the parties to any such contract, and the incorporators of any such corporation, are cities and/or counties and that no private persons or entities are involved.
As to your first question — whether cities and/or counties may enter into long-term contracts for solid waste collection and disposal — Section 260.215.1, RSMo 1978, with certain restrictions contained in Section 260.215.4, RSMo 1978, provides:
 [E]ach city and each county or a combination of cities and counties shall provide individually or collectively for the collection and disposal of solid wastes within its boundaries; . . .
Section 260.215.3(1) provides:
 Cities or counties may contract as provided in chapter 70, RSMo, with any person, city, county, common sewer district, political subdivision, state agency or authority in this or other states to carry out their responsibilities for the storage, collection, transportation, processing, or disposal of solid wastes.
Further, Article VI, Section 16, Missouri Constitution (1945), states:
 Any municipality or political subdivision of this state may contract and cooperate with other municipalities or political subdivisions thereof, or with other states or their municipalities or political subdivisions, or with the United States, for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service, in the manner provided by law.
Also, see Section 70.220, RSMo 1978, and our Opinion No. 42 (1974), a copy of which is enclosed.
It is our view that one or more cities and/or counties may, pursuant to the above authority, enter into contracts, jointly or severally, for solid waste collection and disposal facilities. Without a specific contract to consider, we will not speculate on the propriety of a particular length of term.
Your second question asks whether cities and/or counties may form a corporation to contract for and operate such a facility.
Article VI, Section 23, Missouri Constitution (1945), states:
 No county, city or other political corporation or subdivision of the state shall own or subscribe for stock in any corporation or association, or lend its credit or grant public money or thing of value to or in aid of any corporation, association or individual, except as provided in this constitution.
Moreover, under the general and business corporation law of Missouri, Chapter 351, RSMo, and particularly Section 351.050, RSMo 1978, it is provided that "[o]ne or more natural persons of the age of eighteen years, or more, may act as an incorporator of such corporation . . ." [Emphasis added]. A similar requirement that incorporators shall be "natural persons" is contained in Section 355.040, RSMo Supp. 1981, pertaining to corporations incorporated under the general not for profit corporation law, Chapter 355, RSMo. Cities and counties are not natural persons. Because cities and counties are precluded from owning or subscribing for stock in a corporation or acting as incorporators of a corporation, we believe cities and counties are prohibited from forming a corporation to contract for and operate such a facility.
Your third question is whether cities and/or counties may jointly issue bonds to construct a solid waste processing facility. We note at the outset that neither a county nor any other political subdivision of the state may contract any form of indebtedness, absolute or contingent, except such as is permitted by law. SeeFulton National Bank v. Callaway Memorial Hospital, 465 S.W.2d 549
(Mo. 1971); First National Bank of Stoutland v. Stoutland SchoolDistrict R2, 319 S.W.2d 570 (Mo. 1958).
Section 70.250, RSMo 1978, appears to have application to the financing of solid waste processing projects. It provides:
 Any such municipality or political subdivision may provide for the financing of its share or portion of the cost or expenses of such contract or cooperative action in a manner and by the same procedure for the financing by such municipality or political subdivision of the subject and purposes of said contract or cooperative action [as] if acting alone and on its own behalf.
The issue here is not the authority of each participant in a joint project to issue bonds, but the authority of all the parties to such project to join together to issue one offering. In our opinion, no such authority exists. We have been unable to find any authority for the joint issuance of bonds to construct a solid waste processing facility for cooperative use. Indeed, the express language of Section 70.250, RSMo 1978, permits each participant to provide only for "the financing of its share orportion. . . ." [Emphasis added].
Therefore, we conclude that cities and/or counties may not jointly issue bonds to construct a solid waste processing facility, and that each participant is responsible only for financing its share of the costs through whatever means are legally available to it.
CONCLUSION
It is the opinion of this office that one or more cities and/or counties may enter into a contract for solid waste collection and for operation of a solid waste disposal facility. However, cities and/or counties may not form a corporation to contract for and operate a solid waste disposal facility and may not jointly issue bonds to construct a solid waste processing facility.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Edward F. Downey.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 42 (1974)