Dear Senator Dyer:
This opinion is in response to the request of your predecessor in office asking:
 May a City-County Library District organized under Chapter 182 R.S.Mo. borrow short term funds (for less than one year) for operating expenses?
The opinion request outlined the following facts:
 The St. Charles [City-County] Library District was organized in 1951. Unlike many newly created districts it did not go into operation before it had funding. That is, it waited until the taxes were collected under its two mill levy (Section 182.015) before it commenced operation and did not thereby borrow any operating funds at the outset. The district has been able to operate 100% within its operating levy and has never borrowed funds with which to operate.
 The District is now contemplating some substantial capital improvement expenditures (buildings, equipment, etc.). If expended these funds will cut considerably into operating levies and the district would like to borrow short term operating money (for less than one year).
Nothing in Chapter 182 or any other statute expressly authorizes a city-county library district to borrow money in the manner which you outline. Nevertheless, the Constitution of Missouri (1945) provides at Article VI, Section 26(a):
 No county, city, incorporated town or village, school district or other political corporation or subdivision of the state shall become indebted in an amount exceeding in any year the income and revenue provided for such year plus any unencumbered balances from previous years, except as otherwise provided in this constitution. [Emphasis added.]
Under Section 182.291, RSMo, a city-county library district has the rights, powers and privileges granted county library districts. Section 182.070, RSMo, provides that a library district shall be a "body corporate;" therefore, such a library district falls within the provisions of Article VI, Section 26(a).
Although this constitutional provision merely sets a limit on the amount that a political corporation can borrow in any year, the Supreme Court of Missouri has ruled that the provision is "a self-enforcing grant of power to [political corporations] to incur an indebtedness. . . ." First National Bank of Stoutland v. StoutlandSchool District R2, 319 S.W.2d 570, 573 (Mo. 1958) (see cases cited therein). See also, Drey v. McNary, 529 S.W.2d 403 (Mo. banc 1975). In First National Bank of Stoutland, the court stated that although there was no statute which expressly provided for borrowing by a political corporation in anticipation of the year's revenues, Article VI, Section 26(a), grants political corporations an inherent right to borrow in the manner outlined.[1]
Thus, we conclude, on the authority of Article VI, Section 26(a), and First National Bank of Stoutland, supra, that the St. Charles City-County Library District may borrow funds for operating expenses.
The opinion request suggests that the library district desires to borrow funds for operating expenses because it is "contemplating some substantial capital improvement expenditures (buildings, equipment, etc.)." For this reason, we feel compelled to inform you of a number of statutory provisions which are applicable to such expenditures.
Section 182.070, RSMo 1978, grants a library district the power to:
 purchase, or lease grounds, purchase, lease, occupy or erect an appropriate building for the use of the county library and branches thereof out of current funds if such funds are available above those necessary for normal operations or, as provided in section 182.105, . . .
This section suggests that a library district cannot undertake a capital improvements project if the project would impair funds necessary for normal operations.
You should also be aware of the provisions of Sections 182.100
and 182.105, RSMo 1978. Section 182.100 states that a library district desiring to erect a building may establish a special building fund consisting of a maximum property tax of two mills on the dollar levied for a maximum of ten years. Section 182.105 provides for the issuance of bonds to erect a building or improve an existing building.
CONCLUSION
It is the opinion of this office that a city-county library district organized under Chapter 182, RSMo, may borrow short term funds for operating expenses.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Paul M. Spinden.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] We render this opinion fully aware of Fulton National Bank v.Callaway Memorial Hospital, 465 S.W.2d 549 (Mo. 1971), in which the court stated, "It is really hornbook law that neither a county nor any instrumentality of a county may contract any form of indebtedness, absolute or contingent, except such as is permitted by statute." This case is distinguishable from the holding in First NationalBank of Stoutland, supra, because the quoted statement was dicta, and not the basis of the court's holding, and because the decision was concerned only with the question of the right of an instrumentality
of the county to borrow, and not the county's authority to borrow lawfully.