ANTON, RALEIGH & WYNNE, et al., Respondents,

v.

**WELLSTON FIRE PROTECTION DISTRICT, Appellant.**

No. 47389.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 11, 1984.

Application to Transfer Denied
July 17, 1984.

Cyril J. Clancy, Sestric, LaBarge, Korum & Clancy, Kirkwood, for appellant.

Jay G. Newquist, St. Louis, for respondents.

CRIST, Presiding Judge.

Appeal from summary judgment on attorney fee contract. We reverse and remand.

By written contract appellant (Fire District) retained respondent (law firm) for a five year period. Fire District agreed to pay law firm a retainer of $500.00 per month and an hourly rate of $65.00 when the charge for the number of hours worked exceeded the monthly retainer. Fire District terminated this contract with 46 months remaining. Law firm brought an action for the amount alleged to be due under the contract.

Law firm filed a motion for summary judgment, attaching affidavits and exhibits in its support. Fire District did not respond. The parties agreed to set the summary judgment hearing for March 25, 1983. After the motion was heard and submitted, the trial court granted leave to Fire District to file a memorandum of law only. On April 18, 1983, Fire District was granted additional time to file its memorandum of law. On May 6, 1983, Fire District filed its memorandum of law and for the first time filed a counter-affidavit as to the facts. On June 9, 1983, the trial court entered judgment in favor of law firm.

As a matter of law, law firm was not entitled to summary judgment because the attorney fee contract was for more than one year. Mo. Const. Art. VI § 26(a). While Fire District failed to raise this *ultra vires* defense in the trial court, *Clarence Special Dist. v. School Dist. No. 67*, 341 Mo. 178, 107 S.W.2d 5, 6 (1937), law firm is in no position to complain. The relationship of attorney and client is unique. Law firm had a duty to advise Fire District it could not enter into a contract it now seeks to enforce.

There is another reason to deny law firm compensation for legal services not performed. Fire District had the right to discharge law firm, without cause, at any time, without liability under the attorney fee contract, excepting for quantum meruit recovery for legal services performed by law firm prior to the discharge. *Plaza Shoe Store, Inc. v. Hermel, Inc.*, 636 S.W.2d 53, 56–60 (Mo. banc 1982).

The summary judgment is reversed and the cause remanded for determination of Fire District's liability for legal services performed by law firm prior to its discharge by Fire District, if any.

PUDLOWSKI and SIMON, JJ., concur.